## No. 8944.

### THE STATE EX REL. ALLEN & SYME VS. THE JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT ET AL.

Where it appears from anterior proceedings, that the District Judge has sustained his jurisdiction, it would be doing a vain thing to require the filing of an exception and its overruling, before considering an application for a prohibition. The rule in 29 An. 809 is not thereby infringed.

The writ does not lie to prevent a District Judge from trying exceptions filed after the granting of a new trial.

A judgment prematurely signed does not become final and produces no effect, where a motion for a new trial is seasonably made and subsequently granted.

Such motion, in the country parishes, where first continued to another term by consent of parties, and next, from term to term, by the court, and which the mover has uniformly endeavored to have tried, does not lapse at the close of either of the terms. It can be entertained and allowed by the Judge, where good cause is shown.

The granting of such a motion for a new trial practically obliterates the premature signature of a judgment.

12 An. 562; Estopinal vs. Zunts, not reported, O. B. 45, folio 24, and State ex rel. Wentz vs. Judge 5th Dist., 35 An., affirmed.

APPLICATION for a Writ of Prohibition.

*J. K. Gaudet & Son* and *R. G. Dugué* for the Relators.

*Sims & Poché, contra.*

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a prohibition to prevent the District Judge from trying a cause already decided by him, by judgment duly rendered and signed, and which, it is alleged, has become final and irrevocable, as concerns him. The District Judge returns that the judgment rendered never became final; that it was signed on the day on which it was rendered, but that, within three judicial days from such rendition, the cast defendant moved for a new trial; that this motion for a new trial was continued by consent to the next term; that it was not then tried, but was continued by the court, from term to term, until, coming up according to previous assignment, it was argued, submitted and granted, and a new trial ordered.

The facts disclosed by the record are simply the following:

On the 5th of November, 1880, a judgment was rendered in favor of the plaintiffs in the case, the relators herein, and was signed on the spot.

On the 8th of November, 1880, within three judicial days after the rendition of the judgment, the defendant filed a motion for a new trial, which, on the last day of the term, was continued by *consent of counsel*

till the next term, all rights being reserved, *to prevent the judgment from becoming final.*

At the subsequent term and the following ones, although fixed for trial, the motion was not tried. It was not until October 11th, 1882, that it was called for trial, counsel for plaintiffs in the cause, who are defendants in the rule, objecting on grounds stated in writing. The motion was then continued to the next day, when it was argued by counsel for the mover and taken under advisement by the court.

The court, on May 30th, 1883, rendered a decree maintaining the motion and granting the new trial asked:

· On the 2d of October, 1883, the defendant in the case filed an exception of no cause of action, which, on his motion, was fixed for trial October 4th, two days later.

On the day previous to that fixed for the trial of the exception, *i. e.,* the 3d of October, the original plaintiffs applied to this Court for a prohibition to prevent such trial, on the ground that the case, having been finally determined by a judgment regularly rendered and signed, had passed beyond the control of the District Court, which had no further jurisdiction over it.

It may be that, under the rule, (which declares that no writ of prohibition will issue, forbidding a lower court from proceeding in a case before it, of which it is claimed it has no jurisdiction, until an exception to its jurisdiction has been tried and overruled, 29 An. 806) the present application could be refused as *premature;* but, as it appears that the District Judge in this case is the same before whom the plaintiffs had appeared to object and to whom the ground of opposition, which is the same as that now urged, was submitted; that he has disregarded those objections and has fixed the exceptions for trial and has joined issue in this Court touching the finality of the judgment and the question of jurisdiction, we think that we are not derogating from the rule, in assuming that the District Judge has, after objection, maintained his jurisdiction. It appears to us that it would be, therefore, doing a vain thing to require the filing and overruling of an exception to his jurisdiction, before considering this application for a prohibition, which we will now proceed to do.

The relators contend that, in the *country parishes*, three things are necessary to enable a party to obtain a new trial : 1st, there must be good cause for it; 2d, the motion must be made in season ; 3d, it must be determined before the adjournment of the court for the term at which the judgment was rendered.

There can be no doubt that, in *all* the parishes of the State, a new

139

trial cannot be granted unless seasonably asked and good cause shown; but is it true that, in country parishes, where the party cast has made his motion in time and has alleged good cause, he is not entitled to a new trial merely because the motion was not determined at the very term at which the judgment was rendered?

The motion for a new trial in the case below was made in time, but it was not determined at the term at which made. It was continued by consent of parties to the next term. At that term, and at all subsequent terms, the defendant cast, mover for a new trial, is shown to have been almost restless, insisting again and again on a trial of his motion; but it appears that each time the trial of the motion was continued, *by the court*, from day to day and from term to term, until finally it was acted upon, notwithstanding the objections of the plaintiffs in the case and defendants in the rule; the court finally allowing it and granting a new trial.

The contention of the relators is that, as the motion was not determined at the term at which the judgment was rendered, the judgment, although prematurely signed, has become final and the motion for a new trial could not be tried thereafter. They invoke the Act of 1839 and Articles 546 and 558 of the Code of Practice and infer that, where the motion for a new trial is not determined at the same term at which the judgment was rendered, it lapses and the judgment becomes at once final.

The relators could not successfully invoke this rule, even if the law stood their construction, because they themselves *consented* to a continuance of a motion for a new trial to the *next* term and cannot be permitted to avail themselves of their consent to the injury of the mover in the rule for a new trial.

It is remarkable that the Articles relied on do not prescribe any penalty, and that, owing to this omission, cannot be considered as being penal or mandatory laws, enacted for the preservation of public order or good morals.

The court cannot supplement the law and enact penalties where the legislature has not deemed proper to append any.

The provisions invoked are merely directory to the Judge and designed to regulate the administration of his judicial powers or faculties and the discipline of his court.

It is manifest that the judgment in the case under consideration having been signed on the same day that it was rendered, was prematurely signed and, under the consent of the parties, can, under no possible aspect, be considered as having since been regularly signed and

as susceptible of defeating a motion for a new trial.    5 N. S. 244;  4 An. 561; 6 An. 251; 20 An. 168; 23 An. 110.

The cast defendant has done everything which the law required of him.   He has filed a motion in due time, has set forth plausible grounds, which were subsequently considered sufficient to justify a new trial, and is in no way chargeable with laches.

He finds himself in the very same predicament that an appellant is in, who files within legal delay a petition and bond of appeal.

He is entitled to the action of the court on his motion for a new trial as much as the appellant is to an order of appeal on his demand for one.

Neither the one nor the other can be made to suffer where, by no fault of theirs, the new trial was not allowed at the same term, or the appeal granted before the legal delay for appealing had elapsed.

In the Gilmore case, 12 An. 562, this Court said in an analogous issue :

" It was irregular to sign the judgment until the motion for a new trial was determined.    *    *    The neglect of a Judge to perform his duties ought not to prejudice the parties who had a right to be heard on the motion."

In the case of Estopinal vs. Zunts, Opinion Book 45, folio 23, in which a motion to dismiss was made, on the ground that the order for a suspensive appeal had been granted *after* the expiration of the legal delay, the Court denied the motion, saying :

" The petition and bond were filed in time.    The order of appeal appears not to have been signed until the 24th November (after the expiration of the legal delay) but this cannot prejudice the appellant's rights.   He filed his petition and his bond within the time required by law, and he cannot be made to suffer because the Judge did not sign the order of appeal at the time the petition and bond were presented."

In the more recent case of State ex rel. Wentz vs. Judge Fifth Judicial District, *ante*, p. 873, this Court held, that a mandamus does not lie to compel a Judge to render judgment or to sign one which was tendered him by counsel, in accordance with the verdict of a jury, where there is a motion for a new trial, *made at a previous term*, pending and undecided and when the Judge *proprio motu*, at a subsequent term, has quashed the verdict and reinstated the case to be tried *de novo*.

The Court there said : " The Judge had no authority to sign the judgment without first disposing of the motion.    *    *    He would, in doing so, have committed a wrong."

The granting of the new trial practically obliterates the signature affixed to the judgment when rendered.

Those precedents can well apply to the present case, which clearly falls within their purview.

We have taken unusual pains in the examination of the issue here raised, because of its importance and because its decision will settle a question of practice somewhat seriously mooted and which should be set at rest.

It is, therefore, ordered and decreed that the restraining order herein made be rescinded, and that the application for a prohibition be refused at the cost of relators.