## No. 12,557.

### THE STATE EX REL. BOLLING C. HALL, FOR USE, VS. JUDGES OF THE COURT OF APPEALS, SECOND CIRCUIT.

The judgment of the Court of Appeals does not become final by the lapse of ten days after the adjournment when there is pending and undisposed of a rule for a new trial seasonably taken by the party-cast. C. P., Arts. 546, 55S; Act No. 100 of 1896; 35 An. 1104.

ON APPLICATION for Writs of *Certiorari* and Prohibition.

---

*Newton & Hall* and *Lamkin & Millsaps* for Relator.

---

Respondent Judges in person (*Potts & Hudson* of Counsel).

Submitted on briefs June 15, 1897.

Opinion handed down June 23, 1897, WATKINS, J., making writs peremptory.

Rehearing granted December 13, 1897.

Submitted on rehearing February 21, 1898.

Opinion on rehearing handed down March 7, 1898.

## ON REHEARING.

The opinion of the court was delivered by

MILLER, J. The relator applies for the writs of *certiorari* and prohibition to protect his asserted right to the judgment in his favor, rendered by the Circuit Court of Appeals for the Second Circuit, which he claims had become final and was illegally set aside by the subsequent judgment of that court.

It appears that at the term of the Court of Appeals for Second Circuit, of January, 1897, judgment was rendered in relator's favor on his appeal from the judgment of the District Court in favor of the Alexandria & St. Louis Railway Company; that in due time the Company applied for a rehearing, on which the court took no action before the expiration of the term; thereupon the parties to the suit through their counsel agreed that the court might pass on the rehearing within fifteen days thereafter; the judges failed to agree, and on the 16th February, the sixteenth day from the date of the agreement, the judges made the order that being unable to agree, the application for the rehearing be continued to the next regular term, beginning third Monday of May, 1897, at which term the judges designated an attorney to aid them in the decision, and, thereafter, the court thus constituted rendered judgment reversing that previously rendered.

In this condition, the relator, plaintiff in the suit, made the present application to this court for relief against that which he conceives to be the illegal action of the Circuit Court in reversing its first judgment. His contention is, that the first judgment became final in ten days after the adjournment of the court, notwithstanding the application for the rehearing then pending, and the relator supposes his contention supported by the Act No. 100 of 1896, which makes judgments in the Courts of Appeal final from and after adjournment of the term at which they are rendered,

State ex rel. Hall vs. Judges.

provided that three judicial days shall always be allowed for motions for rehearing, if the term shall not expire before the delay shall elapse, and if the term does expire before the three judicial days, the rehearing applied for within three days after the rendition of the judgment, shall be considered in chambers and a decision filed within ten days after adjournment. If the application is refused the judgment becomes final; if granted, the case shall be continued on the docket; and, in all cases, applications for rehearing may, by consent, be taken under advisement until the next term of the court. If, then, we sustain relator's contention, he loses the benefit of his application for a rehearing, not from any fault of his own, but simply and only because of the inability of the judges to agree, or rather their failure to decide within ten days. That contention sustained, the right to ask the rehearing would be left, but would be of no use if the judges to whom it is addressed chose not to act, or were unable to act, or acting, failed to agree.

In our view, no such construction can be placed on the Act No. 100 of 1896. It did not intend to inflict the penalty on the litigant of deprivation of any rehearing because the judges failed to act on his application. They should act within ten days from the adjournment, but if they do not, or, as in this case, are unable to agree, the litigant's application for a rehearing must be disposed of at the ensuing term. No action upon his application for a rehearing, instead of defeating it, in our view, action on the application could be enforced by *mandamus*. In our view, the decision of our predecessors that the litigant was not deprived of the benefit of his rule for new trial, seasonably taken, because of the adjournment of the court without acting on the rule, is quite applicable here. Under the Code of Practice the litigant is allowed his rule for new trial, if taken within three judicial days from the rendition of the judgment. Another article requires all judgments to be signed at the expiration of three days from the rendition, and, by an amendment, applications for new trial were required to be determined and all judgments to be signed before the adjournment of the court, whether or not three judicial days had elapsed. It was held under these articles of the Code of Practice, as amended, the litigant's rule for a new trial was not defeated by the adjournment of the court without determining the rule. State *ex rel.* Allen & Syme vs. Judge, 35 An. 1104. Obviously, on principle and authority the litigant

should not be deprived of his legal right to a new trial merely and only because the judge fails to act on his application. That is practically decided in the case cited. · With equal reason, we think, the application for the rehearing in the case now under review did not lapse and the judgment become final because within ten days from the adjournment of the term the application was not disposed of because the judges could not agree.

It is therefore ordered, adjudged and. decreed that our previous order on this application for the writs of *certiorari* and prohibition be set aside and annulled, and it is now ordered and adjudged that the relator's application be refused at his cost.