(64 South. 829.)

No. 20,138.

ROHM v. JALLANS et al.

(Jan. 19, 1914. Rehearing Denied March 30, 1914.)

*(Syllabus by the Court.)*

1. REFERENCE (§ 100*)—REPORT OF COMMISSIONER—EXCEPTIONS—SUFFICIENCY.

Where a special commissioner, appointed under Act No. 52 of 1912, p. 61, makes report to the district court, the parties shall have ten days from the filing of the report to file exceptions thereto. These exceptions must be direct, clear, and specific, pointing out those things which are excepted to; and exceptions which are vague, general, and indefinite will not be considered as having been made.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 157–168; Dec. Dig. § 100.*]

2. APPEAL AND ERROR (§ 1073*)—HARMLESS ERROR—PREMATURE SIGNING OF JUDGMENT.

The signing of a judgment on the day that it is rendered is irregular; but it is not reversible error where the party cast has not been deprived of any real right. A motion for a new trial may be made within three judicial days after the rendition of the judgment. State ex rel. Allen v. Judge, 35 La. Ann. 1104; State ex rel. Hall v. Judge, 50 La. Ann. 409, 23 South. 297.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

3. APPEAL AND ERROR (§ 173*)—PRESENTATION ON APPEAL—PLEA OF RES JUDICATA.

Peremptory exceptions may be filed in the Supreme Court; and a plea of res adjudicata filed in that court will be disposed of where the record contains all of the evidence, although such plea was not filed in, and decided by, the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

4. APPEAL AND ERROR (§ 173*)—MECHANICS' LIENS (§ 132*)—PRESENTATION ON APPEAL—PEREMPTORY PLEA OF PRESCRIPTION.

A peremptory plea of prescription may be filed in the Supreme Court. But the prescription of 45 days does not run against material-men, etc., under a building contract, if their sworn statements are recorded in the mortgage office within 45 days after the completion of the building contract. Act 134, 1906, p. 223.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173;* Mechanics' Liens, Cent. Dig. §§ 190, 192–207; Dec. Dig. § 132.*]

5. MECHANICS' LIENS (§ 132*)—TIME FOR FILING.

Materialmen may serve and file their accounts, when they are due, during the execution of the contract or after it is completed, provided they are filed and recorded within 45 days after the contract is completed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190, 192–207; Dec. Dig. § 132.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by George Rohm against Peter J. Jallans and others. From judgment for plaintiff, defendant National Surety Company appeals. Amended in part, remanded in part, and affirmed in all other respects.

Grant & Grant, of New Orleans, for appellant National Surety Co. K. V. Richard, of New Orleans, for plaintiff appellee. Robert H. Marr, of New Orleans, for appellee Carolina Portland Cement Co. Anthony J. Rossi, of New Orleans, for appellees Crescent City Mfg. Co. and another. Emile Pomes, of New Orleans, for appellees Bachman and another.

SOMMERVILLE, J. Plaintiff, the owner of certain property, entered into a contract with defendant Jallans to construct two double cottages upon said lots, with the National Surety Company as security. Jallans defaulted on his contract, and, after notice, the buildings were finished by the owner at the former's expense, under the terms of the contract.

The owner provoked this concursus, and deposited forty dollars in court, being the balance due Jallans after the contract had been completed. The National Surety Company has appealed devolutively from a judgment

against it, in favor of five furnishers of materials; and the judgment of the district court in favor of appellees has been executed, over the protest of the surety company.

Two of the materialmen, appellees, have answered the appeal, and asked that the judgment be amended by allowing interest. They did not appeal from the judgment, and the statement was made in open court, which remains uncontradicted, that they had voluntarily executed their judgments against the surety company. They cannot be heard on their applications to amend the judgment.

The evidence in this case was taken before a commissioner, in accordance with Act No. 52 of 1912, p. 61, which provides for the taking of testimony in concursus proceedings in this state in cities of 50,000 inhabitants or over, and which act requires the commissioner to report his findings on the law and the facts to the district court. In section 10 of the act it is provided further:

"The party shall have ten days from the time of the filing of the report to file exceptions thereto; and if no exceptions are filed within that period by interested parties, the report shall stand confirmed on the next rule day after the ten days have elapsed. If exceptions are filed, they shall be fixed for hearing on the second rule day after the ten days have elapsed, if the court is then in session; if not, it shall be fixed for hearing on the second rule day of the next sitting of the court."

[1] The special commissioner filed his report in the office of the clerk of court March 3, 1913; and no exceptions were filed thereto until March 14, 1913; besides, the exceptions to the report are so general and vague that they cannot be considered as exceptions at all. The exceptions referred to in section 10, before quoted, are direct and specific exceptions taken to the several findings of the commissioner; and when the exceptions are not special, and do not clearly indicate the rulings and findings of the commissioner which are objected to, they cannot be considered as exceptions. Upon the filing of vague, indefinite, and general exceptions, it becomes the duty of the district court to confirm the report of the commissioner as if no exceptions had been taken to the report.

The National Surety Company has filed an assignment of errors on the face of the record, in this court, and it asks for a reversal of the judgment appealed from. Among other things, it is alleged:

"The lower court erred in overruling the exceptions to the commissioner's report filed on behalf of defendant."

The alleged error, like the exceptions to the commissioner's report, is too general, vague, and indefinite to be considered.

Another alleged error is that the trial court erred in taxing costs against it (the surety company); and further that it erred in taxing a fee of $200 in favor of the special commissioner herein, as part of the costs. Section 9 of Act No. 52, 1912, p. 61, directs the court to fix, in its discretion, compensation for the commissioner; and section 11 of the act provides that the parties, whose exceptions are overruled, shall pay costs for the mass.

[2] Another error alleged is that the judgment of the district court was rendered and signed on the same day, without waiting for the lapse of three judicial days as is required by law. This was irregular; but it is not a reversible error. Appellants might have filed a motion for a new trial within three judicial days after the judgment was rendered, and have disregarded the signing of the judgment. State ex rel. Allen v. Judge, 35 La. Ann. 1104; State ex rel. Hall v. Judge, 50 La. Ann. 409, 23 South. 297. Appellant has not been injured by the premature signing of the judgment.

Another error alleged is that no judgment should have been rendered against said surety company in favor of the Crescent City Manufacturing Company, one of the appellees here, for the reason that a final judgment in the case of Crescent City Manufacturing Co.

v. George Rohm and National Surety Co. (No. 96,298), on the docket of the Civil District Court, had been rendered in favor of the surety company rejecting the demands of the Crescent City Manufacturing Company.

The evidence in the record shows that the Crescent City Manufacturing Company had instituted suit against Rohm, the owner of the buildings, and the surety company for the materials furnished by it, under the building contract here involved; the surety company being sued on the bond attached to the building contract. The surety company excepted to plaintiff's petition on the ground that it disclosed no cause of action as to it; this exception was sustained; and the suit was dismissed as to the surety company. This judgment was final in favor of the surety company, and it has full effect between the parties.

[3] This error is made the basis of a peremptory plea of res adjudicata, also filed in this court. The plea was not made before the commissioner, and it forms no part of the exception to his report, so that the district court had no opportunity to pass upon it. Such a plea was filed in the district court after judgment; but it was too late to be considered in that court. Nevertheless, the record and evidence sustain the plea made in this court, and we shall dispose of it in the manner already indicated. There is no necessity for remanding the case on this point.

[4] The last error assigned is also embraced in a peremptory exception filed in this court, and is based on a plea of prescription of 45 days under Act No. 134 of 1906, p. 223.

That is an act:

"Relative to building contracts in cities in this state of over fifty thousand inhabitants; providing for the bond to be given therein for the protection of the owner, subcontractor, workmen, laborer, mechanics, and furnishers of materials, for the recording of the same, and the proceedings to be had thereunder."

Section 1 provides for a written contract to be entered into between the owner and the contractor, to be recorded in the office of the recorder of mortgages before the date fixed on which the said work is to commence, and not later than seven days after the date of said contract, and that such recordation shall create a lien and privilege on the building and grounds or other works in favor of the undertaker, contractor, master mechanics, subcontractors, workmen, laborers, mechanics, and furnishers of material, as their interest may appear. It further provides that the owner shall require from the contractor a bond with good and solvent security, to be attached to and recorded with the contract in the mortgage office, the condition of which bond shall be the true and faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, mechanics, and furnishers of material; the said bond to be made in favor of the owner, subcontractor, workmen, etc., as their interests may appear.

The act then provides for the recording in the mortgage office of claims against the contractor, which section of the act is now submitted for interpretation. The section is as follows:

"Every person having a claim against the undertaker, contractor, master mechanic or engineer shall, after the date of the completion of said work by, or the date of the default of, the undertaker, contractor, master mechanic or engineer, file a sworn statement thereof with the owner, and record a sworn statement thereof in the office of the recorder of mortgages for the parish, in which said work has been done, within forty-five days after the completion of said contract."

It is alleged by the surety company that the contractor defaulted October 10, 1910, and that the claims of the appellees for the materials furnished by them were not served on the owner, and filed in the office of the recorder of mortgages, within 45 days thereafter.

The question of prescription was not pre-

sented to, or passed upon by, the district court.

While the section quoted is not as clear as it might be, it specially says, of the sworn statement to be recorded in the office of the recorder of mortgages, that it shall be recorded "within forty-five days after the completion of the said contract." The default of the contractor mentioned in the section, and which gives to the materialman his right to look to the owner or the surety for payment, is the default by the contractor to pay the materialman when his bill is due. This meaning is demonstrated by the very nature of suretyship, which is not only to pay upon the default of the principal obligor, but to pay when and where the debt is exigible. The contractor gave the bond to secure the materialmen and others in case of his default in paying them. He was not in default to the materialman when he defaulted on the contract with the owner of the building. That default on the contractor's part was not a completion of the contract. The contract was not completed October 10th, when he defaulted thereon. Where the act uses the word "contract," it has reference to the contract entered into between the owner and contractor; and the statute gives the right to materialmen and others to record sworn statements "in the office of the recorder of mortgages for the parish in which said work has been done within forty-five days after the completion of the said contract."

The evidence does not show, so far as we have been able to examine the vast amount of testimony in the case, when the contract was finally completed. We have already seen that after the default of the contractor, Jallans, the building was finished by the owner at the expense of Mr. Jallans, the original contractor, through a second contractor; and the contract with the latter required him to complete the building on or before February 1, 1911. And the claims of all the materialmen were filed before that date, with the exception of that of David Lemly, for $54 which was recorded May 19, 1911.

[5] Upon this showing, the surety company then argues that the claims of the materialmen were recorded too soon, for the language of the statute provides that they shall be recorded "within forty-five days after the completion of said contract"; and having been recorded before the completion of said contract, and not after, that they are without effect. This argument is without merit. The claims were due before the contract was completed, and the materialmen had the right, under the law, to file their attested accounts and to record same in the office of the recorder of mortgages at any time within 45 days after the completion of the contract.

As to the claim of David Lemly for $54, which appears to have been recorded in the mortgage office May 13, 1911, it does not appear whether it was recorded in time or not; and the case will have to be remanded for evidence and decision on this point.

The surety company contends further in this court, with reference to the Lemly claim, that no evidence was offered before the commissioner in support thereof. The record shows that the claims of all parties who were then present before the commissioner were admitted to be correct and to have been proved up. Besides, as we have hereinbefore noted, there was no specific exception taken to the master's report with reference to any of these claims; the point was not submitted to the commissioner or to the district court; and it cannot be considered here.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by striking therefrom the amounts of $387.29 in favor of the Crescent City Manufacturing Company and $54 in favor of David Lemly; that this case be remanded for the sole purpose of taking testimony upon the question of the prescription of the claim of

David Lemly, and for decision thereon; and that the judgment appealed from be affirmed in all other respects, costs of the appeal to be paid by appellant and the Crescent City Manufacturing Company.