(70 South. 49)

No. 20400.

JALLANS v. ROHM.

(Nov. 2, 1915.)

*(Syllabus by the Court.)*

Costs ⬡189—Taxation — Stenographer's Fees.

Where counsel, representing both a building contractor and his surety, in a number of suits arising out of a building contract, which are consolidated, employ a stenographer on behalf of both clients, and the stenographer renders his services under that employment, and the surety company is condemned to pay the costs, the only question left for decision, upon a rule to tax the fees of the stenographer as costs, is as to the correctness of the amount charged.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749; Dec. Dig. ⬡189.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by P. J. Jallans against Geo. Rohm. From a judgment making absolute a rule taken by Gassie & Beary, official stenographers, in which they claimed and were allowed a sum for services rendered, the National Surety Company appeals. Affirmed.

---

[1] 136 La. xii.     [2] Ante, p. 39.

Grant & Grant, of New Orleans, for appellant. John Dymond, Jr., and A. Giffen Levy, both of New Orleans, for appellee Gassie & Beary.

MONROE, C. J. This matter comes before the court on the appeal of the National Surety Company from a judgment making absolute a rule taken by Gassie & Beary, official stenographers of Division A of the Civil District Court, in which they claimed $236, for services rendered by them, and prayed that the same be taxed as costs and paid by said company.

The reasons assigned by the judge a quo for making the rule absolute are as follows:

"It appearing that, in this suit [which appears to have been No. 95096 of the docket of the district court] and 98777, and other suits, consolidated, by judgment of April 28, 1913, it was decreed that all costs of these proceedings be paid by said Peter Jallans and the National Surety Company; and, also, that movers were employed by counsel representing said surety company; and, also, that it is conceded that the bill of movers is correct, and is for services in said matter, under said employment —it is ordered," etc.

It appears, from the evidence in the record that plaintiffs in rule rendered the services, for which they make the charge here in controversy, under employment by counsel who then represented defendant in rule, and on behalf of defendant as well as of Jallans, the contractor for whom defendant was surety; and it also appears, from the report of the decision of this court, in the litigation to which the judge a quo refers, that the judgment of the district court, in that litigation, condemning the surety company to pay the costs, was affirmed. Rohm v. Jallans, 134 La. 913, 64 South. 829.

The only question left for decision, therefore, would seem to be as to the correctness of the bill sued on, and that is established by undisputed evidence.

The judgment appealed from is therefore affirmed.