Mrs. LOUIS WALKER,
        Appellant,

    vs.               No. 7367.

G. CLAASSEN et al.

November 11th. 1918.

38

CHARLES F. CLAIBORNE, JUDGE.

This is a concursus proceeding by an owner against the contractor, his surety, and materialmen.

Plaintiff Mrs. Walker, the owner, made a contract with the defendant, Claassen, by which he was to erect two certain buildings for the price of $3850.00, payable in five installments of $770.00 each, the last payable thirty days after completion and acceptance of the buildings. The contractor furnished, as surety, the United States Fidelity and Guarantee Company, also made defendant herein, which signed a bond for only $1625.00, being less by $300.00 than one half of the amount of the building contract, as required by law. The contractor proceeded with the execution of the contract and received payment for four installments. The buildings were completed and accepted on May 9th. 1916. On June 7th, before the expiration of the thirty days after the acceptance of the buildings, and before the payment of the fifth and last installment of $770.00, J. V. Roca, furnisher of materials, filed with the owner and recorded a sworn statement of the amount due him for lumber and materials furnihed to the contractor and used in the buildings - amounting to $583.50. After the expiration of the thirty days, but prior to the payment of the last installment, four other furnishers of materials filed with the owner and recorded their claims for materials furnished the contractor and used in the buildings, as follows:

1.  Gulf Glass & Paint Co., . . . . . . . . . . $ 78.38
2.  Joseph Petrie & Co., . . . . . . . . . . . 330.00
3.  Carolina Portland Cement Co., . . . . . . . 231.89
4.  Albert Brandin Slate Co., . . . . . . . . . 265.69

        Making a total of . . . . . . . . . . $1489.46

39

The owner then filed this proceeding against the contractor and his surety and the five *materialmen* above mentioned, and deposited in court the sum of $770.00, amount of the last payment due by her, and asked to be relieved of further liability.

The contractor filed no answer and a default was taken against him.

J. V. Roca answered denying the privilege of the other claimants. He opposed the release of the owner from further liability on the ground "that the bond furnished by her was for less than one half of the contract price". He prayed for judgment for $583.50 with interest from June 7th 1916, for $1.50 for recording his privilege, in solido, against the owner, the contractor and his surety. He claimed a preference upon the fund deposited for having filed and recorded his claim within thirty days.

The Gulf Glass Co., Joseph Petrie & Co., the Carolina Portland Cement Co., and Albèrt Brandin also ask judgment against the owner,- and contractor and his surety.

The Panama Sash and Door Co. intervened and prayed for judgment against the same parties for $205.20 with privilege.

The Surety Company admitted the execution of the bond, but denied all the other allegations of the petition, and prayed to be relieved of any liability. It joined Roca in his right of preference over the fund deposited.

Upon plaintiffs' motions, under act 52 of 1912, the Court appointed a special commissioner in the case.

After hearing before the commissioner and a report by him, the Court rendered judgment in favor of the Panama Sash & Door Company for $205.20, and in favor of all the other furnishers of materials mentioned in the petition for the respective amounts by them claimed, with the exception of Roca, whose claim of $583.50 was reduced by $149.00, and allowed for $434.50 - making a total of $1545.66. There was

also judgment against the plaintiff for $325.00 and "for the balance of the funds necessary". The $325.00 was for the value of extra work found by the Commissioner to have been done by the contractor. Lastly the Surety Company was condemned to pay $615.66. This amount was reached by charging the deposit of $770.00 with $150.00 commissioner's fee and $15.00 stenographer's costs, leaving a balance of

| | |
|---|---|
| $ 605.00 |
| Adding to this sum . . . . . . . . . . . | 325.00 |
| And . . . . . . . . . . . . . . . . . . | 615.66 |
| Makes a total of . . . . . . . . . . . . | $1545.66 |

From this judgment the following parties have appealed: The plaintiff, the Roca Lumber Company, and the Surety Company.

In this Court the appellees have answered the appeal and prayed for judgment in solido against the owner and the Surety Company, and that all the costs of these proceedings be taxed as costs against the owner and the surety and not out of the fund deposited in Court.

1. The first error that we notice in the judgment is the part which deducts the commissioner's fee and the stenographer's costs, $165.00, from the mass for distribution. The statute reads: Sec. 9 of Act No. 52 of 1912 p 62: x x x the compensation (of the commissioner) shall be charged upon and borne by the party cast, or the mass, in the discretion of the Court". The discretion of the Court is not exercised in a legal manner, when, as in this case, judgment is rendered in favor of the materialmen, and the fund for distribution among them is charged with costs of any kind. They should be charged against the party cast.

2. There is no dispute as to the claims of any of the parties recognized as creditors by the judgment, except Roca. He complains of the reduction of $149.00 effected against his claim. We think the Court erred in making this reduction. Roca had made three bids, for supplying lumber to as many builings; one for a double house for $418.00, another for a single house for $258.00, and a third

41

third for an addition to the single house for $149.30.
All three bids were accepted in writing by the contractor
Claassen. The addition to the single house was abandoned,
and across the bid Claassen wrote in pencil "Null and Void".
Roca's claim does not include the $149.00, amount of his
bid for materials to be furnished for the addition to the
single house. He is suing for materials furnished to the
"double house" and to the "single house", in addition to
those mentioned in the two lumber lists furnished to him
by Claassen, and upon which his original two bids were
made. These additional materials amount to $157.50.
Concerning these, Claassen says, in answer to the question
"What about the other items on this bill?"

A. "They are all-right". p 2.
Besides, the correctness of these items is sworn to by J. V.
Roca and Leon Roca. The three items together $418.00, $258.00,
and $157.50 make a total of $833.50. On account of this
sum Claassen paid $250.00, leaving a balance of $583.50,
which is the amount of Roca's claim herein. The error of
Claassen consists in believing that he is charged with the
items comprising the third bid of $149.30. We have shown
that he is mistaken. The pencil memorandum signed by Roca,
dated February 8th. 1916, shows upon its face that it has
no reference to the materials furnished to the two buildings
involved herein. It was for a different job, as Roca testi-
fies. While the two houses herein are one story each, the
pencil memorandum reads as follows: "Job: One single "two"
story house; One double frame house; lumber price in two
jobs $660.00 total". Besides, the figures $660.00 show plain
signs of the erasures and overcharge, and do not constitute
that certain *reliable* evidence sufficient to ~~control~~ *convince* the Court. We
therefore come to the conclusion that Roca is entitled to
the $583.50 claimed by him.

3. We do not think that the defendants have es-
tablished that any extra work was done. It is admitted that

the only sum for extra work to which Claassen testifies amounts to $189.67, and not to $325.00, and he is the only witness who testifies even to these. Walker, plaintiff's husband and superintendent of the work, denies any extra work. Claasen's testimony is contradicted by the record. The first item of extras mentioned by him is as follows: "The slop sinks put in by Petrie & Co. which cost $42.50. That was not called for by the plans and specifications? No". As a matter of fact the bid made by Petrie, annexed to his answer, specifies:"Three 16 x 24 enamel sinks and backs, cypress drain boards, nickel plated bibbs and brass P traps". His bid was for $330.00. His claim is for $330.00, and he swears he received no payments on account. This proves he put in no extra materials. The only extra work that appears plausible are the shed and the paved walks. We cannot rely upon the testimony of Claassen alone to condemn the plaintiff. Neither the plans nor the specifications are in evidence to corroborate him. This claim for extra work seems to have been a surprise to all parties and was not given a fair trial. We shall reject the claim, reserving the rights of all the defendants to institute suit for it in another proceeding.

4. Nor is the owner liable, in this case, to the materialmen for having failed to procure a surety for the full amount required by law. The provisions of the law directed the owner to require of the contractor a surety "for not less than one half the amount of the contract". Upon his failure so to do, "the owner shall be in default and shall be liable to the same extent as the surety would have been". Act 221 of 1914 p 419, 420. If the owner requires no surety, he is liable to the materialmen for the same amount for which he should have secured a surety; if he furnishes a surety for an amount less than the one required by law, he is liable as surety to an amount equal to the difference between the amount of the bond required by law and the amount of the bond furnished by him. In this case the owner could have been made liable for only $300.00 because that was the amount for which the contractor's bond was short.

But the owner has deposited $770.00 in Court; which amount, added to the amount of the bond herein $1625.00, makes a total far in excess of the sum of all materials furnished, say $1694.66; the materialmen and the surety suffer no injury, and therefore have no ground of complaint against the owner. 142 La 273 . 126 La 555.

5. Roca is not entitled to be paid by preference out of the amount of $770.00 deposited by the owner, on the ground that he served his attested account in the hands of the owner before the fifth and last payment was due, at a time when no other account had been served upon the owner. In the case of French Market Homestead vs. Dexheimer 11 Ct. App. 277 we decided that as long as the contract price remained in the hands of the owner any furnsiher had a right to file his account and to participate equally in the common fund.

6. The surety cannot plead the prescription of thirty days to protect itself from individual liability, on the ground that no sworn statement of the claims of the materialmen had been filed with the owner and recorded within that delay. We held the contrary in the French Market case above. But we were overruled by the Supreme Court in the case of Shreveport Building Ass'n. vs. Whittington 141 La. 41. "The surety is limited to such defenses only as the principal on the bond can make". See also Brandin vs. U. S. Co. No. 7125 of this Court.

7. The building contract provided that Mrs. Walker bound herself to pay the contractor on certificates to be furnished by her supervising architect or any other person chosen by her. The Surety Company argues that her selection of her husband, who was her _alter ego_, for that position, was a violation of the contract which released the surety. In the case of Meyer vs. Bichow 133 La. 975 the Supreme Court said:

"Where a building contract provides that the own-

ers of the building shall have the right to employ an architect to supervise the construction of the building, this is a right personal to them, and if they do not choose to exercise it, the surety on the bond furnished by the contractor cannot claim exemption from liability under the bond by pleading that the owners have changed the terms of the contract. The surety is limited to the same defenses as the principal could have set up, and surely the contractor, who was the principal in the bond, could not have set up as a defense the failure of the owners to exercise a right which was purely personal to them".

8. The surety also pleads that none of the materialmen can demand a judgment against it, in excess of the fund deposited in Court, because they have not caused the surety to be served with a citation and a copy of their answer. We interpret the decision in Equitable Real Estate Co. vs National Surety Co. 133 La. 471 as opposed to that contention. See also Dr. Jos. Conn vs. U. S. F. & G. Co. No. 6479 of this Court. *106 La. 460 -*

9. The materialmen charge that there is error in the judgment in allowing interest upon their claims only from judicial demand instead of from maturity. This was in accordance with the commissioner's report. No exceptions to this item was taken to the report, therefore it cannot be considered by this court. Sec.10 of act 52 of 1912 p 63. 134 La. 913.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, annulled, and avoided; and it is now ordered that there be judgment herein in favor of the following named furnishers of materials recognizing them as creditors entitled to be paid the following amounts with legal interest from October 19th. 1916 till paid, namely:

| | | |
|---|---|---:|
| 1. | Gulf Glass & Paint Company, | $ 78.38 |
| 2. | Joseph Petrie & Co., Ltd., | 330.00 |
| 3. | Carolina Portland Cement Company, | 231.89 |
| 4. | J. V. Roca Lumber & Hardware Co., | 583.50 |
| 5. | Albert Brandin Slate & Roofing Co., Inc., | 265.69 |
| 6. | The Panama Sash & Door Co., | 205.20 |
| | Making a total of | $1694.66 |

It is further ordered that there be judgment in favor of the furnsihers of materials above named and against the United States Fidelity and Guarantee Company for the sum of Nine Hundred and twenty four 66-100 dollars, and commanding the said Company to deposit said sum with the Clerk of the District Court to be distributed, with the sum of Seven Hundred and seventy dollars already deposited with him, among the furnishers of materials above mentioned;

It is further ordered that the said United States Fidelity and Guaranty Company be condemned to pay the any/all costs herein, including one hundred and fifty dollars as the compensation of the Special Commissioner, and Fifteen dollars Stenographer's costs, and the cost of recording and cancelling the sworn statements of the furnishers of materials hereinabove mentioned; and all the costs of Court;

It is further ordered that there be judgment in favor of petitioner herein Ellen Byrne wife of Louis Walker and against all the parties above named, and ordering the Recorder of Mortgages for this Parish to cancel from his books the privilege in favor of Gerhard Claassen for $3850.00 recorded in Book 1196 p 48, and all the privileges in favor of the furnishers of materials hereinabove mentioned, and releasing her from further liability under the contract herein; specially of the Surety Co

It is further ordered that the rights of all parties be reserved to claim from petitioner herein the value of extra work, if any, done by the contractor on said two buildings.

Judgment rendered November 11th. 1918.

46

ON REHEARING.

Per Curiam;

It is ordered that our original decree be amended so as to further credit the judgment herein rendered against the U. S. Fidelity and Gaurantee Co by whatever amount of interest### has been earned by the sum of $770 deposited by the plaintiff herein in the registry of the Court and that as am#nded the judgment stand and a rehearing refused.

New Orleans, La, December 23rd, 1919.