On Motion to Dismiss.
 

 OVERTON, J.
 

 The district court for the parish of Caddo convenes on the first Monday of October and remains in continuous session until July. 31st, of each year, when it ^ad jour ns for vacation. On July 31, 1926, it rendered and signed a judgment in the present case, rejecting the demands of plaintiff, and also disallowing a reconventional demand, filed by defendants. On August 2, 1926, while the court.was in vacation, plaintiff filed in the clerk’s office a motion for a new trial. This, motion was not heard until court reconvened, when on October 11, 1926, the motion was called, argued, and overruled. On October 16,1926, plaintiff moved for and obtained in open court both a suspensive and a devolutive appeal, returnable to this court.
 

 . Defendants have moved to dismiss the appeal, thus taken, on the ground that it was obtained by motion, in open court, without the service of citation of appeal on them, at a term different from the one at which the judgment appealed from was rendered.
 

 The rule is that, when one appeals by motion made in open court at the same "term at which the judgment from which 'he ap-' peals was rendered,-no citation of appeal is' necessary. Boyd v. La Branche, 35 La. Ann. 285; Sauer v. Union Oil Company, 43 La. Ann. 699, 9 So. 566. However, when the ap: peal is taken at a different term from the one at which the judgment was rendered, the party appealed against is entitled to citation. Hardy v. Stevenson, 27 La. Ann. 95; Trounstine
 
 &
 
 Co. v. Ware, 39 La. Ann. 939, 3 So. 122. '
 

 It is also the rule that the signing of a judgment before the expiration of the delay allowed by law for filing a motion for a new trial does not affect the right of the party cast to move for a new trial, and if the motion be timely filed, the judgment rendered; though signed, is considered as not becoming legally effective unless and until the motion is overruled. Succession of Gilmore, 12 La. Ann. 562; Mercer v. Natchez, B. & S. Ry. Co., 136 La. 187, 66 So. 774. In other words, for the purpose of computing the delay for an appeal, at least for a suspensive appeal, and also for determining the manner in which the appeal may bo taken, whether by motion; in open court without citation, or by petition and citation, a judgment, when signed before the expiration of the delay allowed for the filing of a motion for. a new trial, is treated as if it were not signed, and hence as if it were not fully rendered, when a motion for a new trial is timely filed, and, insisted upon, until the motion is overruled, and then for the purposes of appeal, the judgment is treat: ed as signed and rendered as of the date of the overruling of the motion, for it is upon that date that the judgment becomes legally, effective. See State ex rel. Wellman v. Bell, Judge, 142 La. 662, 77 So. 493.
 

 From the foregoing it appears that it is a matter of importance to determiné whether the mbtion for a new trial was filed’ within the time prescribed by law, for, if it were riot, then it cannot be said that the motion- had the effect of rendering ” the jridg-’
 
 *320
 
 ment ineffective until the motion was overruled. The judgment in this case, as we have said, was rendered and signed on July 31, 1926, which was the last day of the 1925-26 term of court. Article 558 of the Code of Practice, which is in reference to motions for new trials, reads as follows:
 

 “The party who believes himself aggrieved by the judgment given against him, may, within three judicial days after such judgment has been rendered, pray for a new trial, which must be granted, if there be good ground for the same; provided, that said new trial shall be prayed for and passed before the adjournment of the court.”
 

 It has been held, under this article, that, where the motion for a new trial was filed before the adjournment of court for the term, but not passed upon prior to adjournment, the motion was not overruled, and did not cease to function, by the adjournment of court without passing upon it, but that the court was called upon to pass upon the motion at its next term. State ex rel. Allen & Syme v. Judge, 35 La. Ann. 1105; Mercer v. Natchez, B. & S. Ry. Co., supra. However, we are not directly interested at present as to whether a motion for a new trial, filed before the adjournment of court, should be treated as having been overruled by the mere adjournment of court for the , term, but in whether the motion herein was filed within the time prescribed by law. Since the motion, in this instance, although filed within three days after judgment'was given, was not filed until after court had adjourned for the term, we should feel constrained to hold that the motion was filed too late to have any legal effect whatever on the judgment, were it not that in our view the article of the Code of Practice, quoted above, has been modified by more recent legislation so as to make it possible to file a motion for a new trial, after court has adjourned for the term, asking for relief from a judgment rendered, before the adjournment. We have reference to Act No. 40 of 1904 and Act No. 247 of 1908. The former reads as follows:
 

 “All judgments rendered by the district courts shall be signed within three days from the date of the rendition of such judgment, provided that within such delay an application for a new trial may be filed, and the granting of a new trial shall have the effect of setting aside the judgment signed within said three days, provided that judgment in confession may be signed at any time in open court.”
 

 The act of 1908, so far as pertinent, reads:
 

 “In all civil cases whenever the trial judge shall be of opinion that the verdict of a jury or judgment of the court contains any error prejudicial to a party, he may at any time within three days, on motion of the party complaining, set aside such verdict or judgment and allow a new trial in the cause. * * *»
 

 These acts contemplate that the party complaining may file a motion for a new trial at any time within three days from the rendition of the judgment. It is immaterial whether the three days intervening be judicial days or merely legal days, or whether they follow a term of court or not, but if the party feeling aggrieved intends to file the motion, he must do so within three days from the pronouncing of judgment, at least if the judgment has been signed. If he should file the motion within the required three days, while the act last quoted, that of 1908, seems to contemplate that the judge must pass upon the motion within the same period, yet if for any reason the judge should be unable, or fail, to do so, the party filing the motion does not lose, because of such inability or
 
 *322
 
 failure, the 'benefits of his motion; the statute being, so far as it relates to the duties of the judge, merely directory, as was held in State ex rel. Allen
 
 &
 
 Syme v. Judge, supra, with reference to a kindred provision, found in article 558 of the Code of Practice.
 

 As the motion was filed within three days from the time judgment was pronounced, although filed after court had adjourned for the term, our conclusion is that it was filed in time, and as the judgment did not become effective until the motion was overruled, and as plaintiff moved for and obtained the appeal herein at the same term at which the motion was denied, at which term the judgment is deemed, as relates to the manner of appealing, to have been rendered, our conclusion is also that plaintiff had the right to take the appeal in open court, without having defendants cited to answer it.
 

 For these reasons the motion to dismiss is denied.