### MAISON BLANCHE CO. v. MEFSUT.

#### No. 16859.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1938.

Maurice B. Gatlin, of New Orleans, for appellant.

Baldwin J. Allen, of New Orleans, for appellee.

McCALEB, Judge.

The appellee moves to dismiss this appeal on the ground that it was not taken within ten days from the date the judgment was signed by the trial court—the judgment having been signed on October 27, 1937, and the motion for appeal filed on November 18, 1937.

An investigation of the record in the case reveals that the judgment was rendered on October 22, 1937. On October 25, 1937, two days before the judgment was signed, the appellant filed a motion for a new trial, and the court issued its order for the appellee to show cause why a new trial should not be granted. On November 5, 1937, while the motion for new trial was still pending, the appellant, by agreement with counsel for appellee and with the approval of the court, withdrew his motion for a new trial and substituted a new motion in its place. The court set down the second motion for new trial for hearing on November 12, 1937, and on that date an order was issued overruling it.

Under article 558 of the Code of Practice, the party aggrieved by the judgment of the trial court is given the right, within three judicial days after such judgment is rendered, to apply for a new trial, and it is firmly established in the jurisprudence that, while such motion for new trial is pending, the judge is without right to sign the judgment, and that, if he does so, his action is without legal effect. In Herold v. Jefferson, 172 La. 315, 134 So. 104, the Supreme Court observes: "It is also the rule that the signing of a judgment before the expiration of the delay allowed by law for filing a motion for a new trial does not affect the right of the party cast to move for a new trial, and if the motion be timely filed, the judgment rendered, though signed, is considered as not becoming legally effective unless and until the motion is overruled. Succession of Gilmore, 12 La.Ann. 562; Mercer v. Nat-

chez, B. & S. Ry. Co., 136 Là. 187, 66 So. 774."

The appellant having timely applied for a new trial, the judgment did not become final until the motion was disposed of on November 12, 1937. It follows that the motion for appeal filed on November 18, 1937, was well within the ten days allowed to the appellant to appeal from the judgment of the First city court. The motion to dismiss is therefore denied.

Motion to dismiss denied.