REID, Judge.
This matter is before the Court on a motion filed by the plaintiff appellee, Mrs. Louis Quave, to dismiss the appeal herein. The motion was filed on December 21, 1961 and an order was filed ordering Nicolli Signorelli to show cause by brief on March 13, 1962 why the appeal in this cause should not he dismissed at their cost.
This motion is predicated upon the allegations that the judgment was rendered on September 11, 1961 and signed on the 25th day of September 1961; that a motion for a new trial was filed on the 15th day of September 1961; a motion opposing the motion for a new trial was filed by plaintiff on October 6, 1961 and a memorandum was filed by defendant on September 27, 1961; and notwithstanding the fact that the motion for a new trial had not been disposed of the defendant, Nicolli Signorelli, asked for and obtained an Order of Appeal.
The plaintiff appellee has filed this motion to dismiss based on these allegations.
The defendant appellant failed to file any brief or any pleadings in opposition to the motion to dismiss returnable on March 13, 1962.
 An examination of the record in this case discloses that the motion for new trial had not been disposed of. It appears definitely that the Order of Appeal was prematurely granted, and under the general principle of law in this State there can be no appeal except in case of final judgments. Defendant’s motion for a new trial was timely filed in that it was filed between the dates of rendering and signing the judgment.
The Court in the case of Maison Blanche Co. v. Mefsut, La.App., 177 So. 824, 825 quoting Herold v. Jefferson, 172 La. 315, 134 So. 104 in which the Supreme Court observes:
“It is also the rule that the signing of a judgment before the expiration of *710 the delay allowed by law for filing a motion for a new trial does not affect the right of the party cast to move for a new trial, and if the motion be timely filed, the judgment rendered, though signed, is considered as not becoming legally effective unless and until the motion is overruled. Succession of Gilmore, 12 La.Ann. 562; Mercer v. Natchez, B. & S. Ry. Co., 136 La. 187, 66 So. 774.”
For these reasons hereinabove stated the appeal taken in this case is hereby dismissed at appellant’s cost.