568 So.2d 606 (1990)
Michael CHAPEUIS
v.
Edwin CASSIMANO, McKinley Bright, Roosevelt Walker, First Horizon Insurance Company, Shell Oil Company, St. Charles Avenue Shell Service Station, United States Fidelity and Guaranty Company, Charles L. Bernard, St. Charles Service Station, Inc., Ed's Cab Service, Inc.
No. 89-C-2050.
Court of Appeal of Louisiana, Fourth Circuit.
September 25, 1990.
Writ Denied November 30, 1990.
*607 James Ryan, III, Brent P. Abadie, Sessions & Fishman, New Orleans, for defendants-relators.
Maurice B. Friedman, New Orleans, for plaintiff-respondent.
Before SCHOTT, C.J., and CIACCO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Pursuant to the April 16 order of the Supreme Court of Louisiana we issued a writ of certiorari in order to consider the issue originally submitted to us in application for supervisory writs in the above captioned matter; whether the trial court erred in granting plaintiff's motion for new trial and denying defendant's motion for summary judgment.
The facts and history of this case are as follows:
On June 2, 1985 plaintiff was a customer at the St. Charles Avenue Shell Station. As plaintiff pumped gas into his own vehicle at a self service pump, an Ed's Cab Service, Inc. taxi cab operated by Roosevelt Walker drove into the station and stopped opposite the plaintiff's vehicle. Walker opened the hood of his cab and attempted to cool the radiator with a water hose while the vehicle remained running.
Plaintiff noticed the activities of Walker and warned Walker not to open the radiator cap. Plaintiff turned his back and Walker proceeded to open the radiator cap despite plaintiff's warnings.
Upon Walker's opening of the radiator, hot water spewed from the taxi cab and rained on plaintiff who had remained standing near the cab. Plaintiff's back and buttocks were burned by the radiator water.
Plaintiff filed suit for damages on May 30, 1986. The parties thereafter engaged in discovery including interrogatories and the deposition of plaintiff. On June 27, 1988, defendants-relators filed a Motion for Summary Judgment on the basis that plaintiff's petition stated no cause of action against defendants-relators, plaintiff's own fault was a substantial cause of the accident and his injuries, and that defendants-relators owed no duty to protect plaintiff from the particular risk encountered. Trial of this Motion for Summary Judgment was set for October 7, 1988.
Defendants-relators' Motion for Summary Judgment was tried on October 7, 1988. Only counsel for movers was present at the trial. At the close of the trial of the motion, judgment was rendered in favor of defendants CHARLES BERNARD, individually and d/b/a ST. CHARLES AVENUE SHELL SERVICE STATION, INC. and against the plaintiff, MICHAEL CHAPEUIS, dismissing plaintiff's petition as to those parties without prejudice, each party to bear its own costs.
On October 11, 1988, counsel for plaintiff filed a motion for new trial on the motion for summary judgment which had been heard on October 7, 1988.
On November 29, 1988, the trial court read and signed its judgment on the defendants-relators' *608 motion for summary judgment which had been rendered on October 7, 1988.
Thereafter, counsel for plaintiff filed a second motion for new trial on defendants-relators' motion for summary judgement on December 19, 1988.
Plaintiff's motion for new trial was heard on July 10, 1989. The trial court rendered judgment in favor of plaintiff granting a new trial on that date, which judgment was read in open court and signed on July 14, 1989. On that same date, defendants-relators' motion for summary judgment was also denied.
Notice of intention to seek supervisory writs and a request to fix a return date for filing of application of supervisory writs was filed in the trial court on October 19, 1989. The trial court granted defendants-relators through October 31, 1989 to seek writs.
The application for supervisory writs was filed in the Court of Appeal, Fourth Circuit, number 89-C-2050. By order dated January 31, 1990, the writ was denied indicating that relator had an adequate remedy on appeal.
The denial of defendants-relators' application for supervisory writs was appealed to the Supreme Court of the State of Louisiana, No. 90-CC-0427. Writs were granted on April 16, 1990 with the matter transferred back to the Fourth Circuit Court of Appeal for briefing, argument and opinion.
Defendants-relators', Charles Bernard, individually and d/b/a St. Charles Avenue Shell Service Station and St. Charles Aveneue Shell Service Station, Inc., (Charles Bernard), argue that the trial court abused its discretion by granting plaintiff's Motion for New Trial and denying its Motion for Summary Judgment. Charles Bernard's contention is that 1) he was entitled to summary judgment as a matter of law and 2) that the trial court acted improperly in considering plaintiff's motion for new trial because it was not timely filed. We will address Mr. Bernard's procedural argument first.
La.C.C.P. article 1974 provides the delay for applying for a new trial:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Mr. Bernard argues that the Motion for New Trial that plaintiff filed on October 11, 1988 was premature because the judgment was not signed until November 29, 1988. However, the judgment was rendered on October 7, 1988 and a motion for new trial which is filed between the rendering and signing of the judgment is timely. Quave v. Signorelli, 141 So.2d 709 (La.App. 1st Cir.1962).
In Quave, plaintiff moved that the appeal be dismissed because her motion for new trial had not been disposed of at the trial court level. The Court of Appeal granted plaintiff's motion for dismissal finding that the Order of Appeal had been prematurely granted. It found that the trial court's judgment was rendered on September 11, 1961 but was not signed until September 25, 1961. Therefore, plaintiff's motion for new trial which was filed on September 15, 1961 was timely.
Turning to the merits of this case, Charles Bernard argues that he was entitled to summary judgment as a matter of law. Plaintiff refutes this contention arguing that although Mr. Bernard may not have committed any acts that resulted in the harm and injury sustained by plaintiff, it is a question of material fact whether he is liable for any acts of omission as alleged by plaintiff.
The function of the court on a motion for summary judgment is not to determine merits or issues, but rather to determine whether there is a genuine issue of material fact and that mover is entitled to judgment as a matter of law. Lucey v. Harris, *609 490 So.2d 416 (La.App. 5th Cir.1986), writ denied, 496 So.2d 327 (La.1986).
Any reasonable doubt should be resolved against the granting of a Motion for Summary Judgment. The mere belief that a litigant is unlikely to prevail upon the merits is not sufficient basis to warrant the rendition of summary judgment, thus depriving the litigant of trial. Id.
For the foregoing reasons, judgment is affirmed.
AFFIRMED.
SCHOTT, C.J., dissents.
SCHOTT, Chief Judge, dissenting:
The issue here is whether a self service gasoline station operator has a duty to protect one of its customers from the negligence of another. The majority opinion imposes this duty. I respectfully disagree. The purpose of a self service station is to provide gasoline at the lowest possible price. In most of these stations a single employee is on duty for the purpose of remotely opening the pumps and collecting money from the customers. The result of the majority opinion is to saddle the operator with additional expense which would necessitate an increase in his prices. I would not impose such a duty. I would reverse the judgment of the trial court and grant the motion for summary judgment.