[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 480 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 481 
 On Motion to Dismiss Appeal.
Judgment was rendered in this case against the Aetna Casualty Surety Company, one of the defendants herein, on February 16, 1927, and was signed and filed on February 19, 1927. On February 23, 1997, defendant and appellant, the Aetna Casualty 
Surety Company, filed a motion for a new trial, and on the following day the motion was overruled. Immediately following the overruling of the motion, the Aetna *Page 482 
Casualty Surety Company was granted appeals, suspensive and devolutive, returnable to this court, and on the same day, to wit, February 24, 1927, perfected its appeals by filing a bond with the American Surety Company as surety thereon. The bond, although not filed until February 24, 1927, is dated February 22, 1927, which is two days before the motion for a new trial was overruled, and is, besides, a legal holiday in this state.
The fact that the bond bears a date anterior to the overruling of a motion for a new trial, and the further fact that the date it bears is a legal holiday, and was so, when the bond was dated, have given rise to the present motion to dismiss this appeal.
There is no merit in the motion. The appeal was granted and the bond was filed on a day, not a legal holiday, after the motion for a new trial was overruled. The fact that the bond was dated and signed before the motion for a new trial was overruled is not important, and in no manner affects its validity, or the right to use it in the event an appeal became necessary. The fact that the bond was dated and signed on a legal holiday is likewise unimportant, and does not affect its validity, for the preparation of the bond was such an act as might be performed on a legal holiday. Act 249 of 1926; C.P. art. 207. Moreover, if the grounds urged by appellee were well founded, appellee has waived those grounds by failing to comply in the trial court with Act No. 112 of 1916, relative to the procedure to be had where defective judicial bonds are given. See Hurry v. Hurry,144 La. 877, 81 So. 378; Bilich v. Mathe, 149 La. 484, 89 So. 628.
For the reasons assigned, the motion to dismiss is overruled.
 On the Merits.