62 So.2d 621

**BALL et ux. v. CAMPBELL.**

No. 40869.

Dec. 15, 1952.

Rehearing Denied Jan. 12, 1953.

See also, 222 La. 357, 62 So.2d 511.

Wisdom & Stone, Saul Stone and Paul O. H. Pigman, New Orleans, for Protestant Home for Babies.

Ellis, Ellis & Lancaster, Frank B. Ellis and James E. Wright, Jr., New Orleans, for Mr. and Mrs. William Slaughter Ball, plaintiffs and appellants.

C. L. Stiffell, New Orleans, for Wilma Annabel Campbell, opponent and appellee.

PONDER, Justice.

The plaintiffs brought proceedings for the adoption of a child. The defendant, the unwed mother of the child, opposed the adoption on several grounds. The case was originally entertained by us on appeal some time ago. Ball v. Campbell, 219 La. 1076, 55 So.2d 250. After hearing the appeal, all of the issues were disposed of except two and we remanded the case in order that evidence might be taken on these two issues, namely: first, whether or not the surrender of the child was ob-

tained through pressure or coercion; and second, whether or not the institution or agency to whom the child was surrendered was approved by the State Department of Public Welfare. On trial of these two issues the lower court gave judgment in favor of the defendant, dismissing the adoption proceedings on the ground that the approval of the Department of Welfare did not meet the provisions of Act 228 of 1948 in that the agency, the Protestant Home for Babies, was not at that time licensed by the Welfare Department. The plaintiffs have appealed.

The defendant, through her attorney, filed a motion to dismiss the appeal on the ground that the appeal bond was filed too late. Counsel cites Article 593 of the Code of Practice to the effect that an appeal is not effective unless bond for security is posted within the time fixed by law which he contends in adoption cases is thirty days from final judgment in accordance with the provisions of Act 228 of 1948, Section 18, now LSA-R.S. 9:438.

■ The record shows that the judgment of the lower court was rendered, read and signed on April 21, 1952. On the same day the plaintiffs filed a motion and a supplemental motion for a new trial. On April 23, 1952, a second supplemental motion for new trial was filed by the plaintiffs. The defendant, on April 30, 1952, filed an opposition to the motion for new trial. On the same day, April 30, 1952, the motion for new trial was denied and a devolutive appeal was granted returnable to the Supreme Court on June 2, 1952 upon the furnishing of bond in the sum of one hundred dollars. May 30, 1952, Memorial Day, was a legal holiday; Saturday 31st was a legal holiday in the City of New Orleans; and June 1st was a Sunday. Therefore, the appeal was perfected timely when the bond was filed on June 2, 1952.

The plaintiffs, in answer to the motion to dismiss the appeal filed by the defendant, contend that since a judgment does not become legally effective until three days after its rendition or until on application for a new trial has been denied, they had thirty days from April 30, 1952, the date on which the new trial was denied, within which to perfect their appeal.

■ Under LSA-R.S. 9:438 if no appeal is perfected "within thirty days after a judgment is *rendered*, the judgment shall be final." (Italics ours.) It is well-settled that the delay for an appeal only begins to run from the day that a motion for a new trial has been passed upon and refused. The premature signing of the judgment cannot affect this rule. See State ex rel. Wellman v. Bell, Judge, 142 La. 662, 77 So. 493 and the authorities cited therein. And under Articles 557 and 558 of the Code of Practice the party aggrieved by the judgment against him, may, within three judicial days after such judgment has been rendered pray for a new trial and the court

may revise their judgment by granting a new trial.

The argument advanced by counsel for defendant that the procedure in adoption cases is different and that the plaintiffs had no right to move for a new trial, is indeed a novel one and he has cited no authority to uphold such view. The motion to dismiss the appeal is denied.

The evidence shows that the defendant signed an act surrendering the child to the Protestant Home for Babies on December 13, 1947. At that time Act 91 of 1942 was in effect which provided that an unwed mother had the right to surrender her child to "institutions or social agencies approved by the State Department of Public Welfare". The evidence shows that this institution was approved at the time the surrender was executed but not licensed because it was in the process of raising its standards.

Counsel for the defendant contends that the Welfare Department can only approve a licensed institution and that at the time the surrender was executed that the agency was not licensed. Act 344 of 1938, LSA–R.S. 46:51 et seq., amending and re-enacting Act 44 of 1936, providing for the creation of the State Department of Public Welfare, gives broad powers to that department, including authorization to "license and supervise public and private agencies, institutions and individuals caring for children, under the rules and regulations of the State Department". LSA–R.S.

46:52(8). This act was amended by Act 212 of 1940 containing substantially the same provision.

It appears that a provisional license was granted to the Protestant Home for Babies in 1944 which expired in 1946. Under the authority of the Welfare Act, the department at that time was raising the standards of all the agencies and institutions and the present institution had applied for re-licensing on April 18, 1947 and the license was not issued until after the execution of the surrender. The evidence shows that the institution had been recognized and approved during this period of time and a number of like surrenders had been recognized. In view of the fact that Act 91 of 1942 merely requires the approval by the Department it was not essential for the agency to have been actually licensed at that time. The same argument advanced herein was advanced in the original hearing, Ball v. Campbell, supra, and this Court fixed the law of the case when it remanded it solely for the purpose of determining whether the institution had been approved or coercion was used in obtaining the surrender.

Counsel contends that the defendant was coerced into signing the surrender.

The testimony of the defendant with reference to coercion is to the effect that when the notary read the act of surrender to her she was not actually listening and that the notary told her it was for the best interest of the child for her to sign the sur-

render. The defendant was a college graduate, 32 years of age and had taught school for four years at the time she signed the surrender.

 The social worker connected with the institution testified in effect that she had interviewed the defendant before the baby was born and was told by the defendant that if she did not receive any assurance from the father of the child that he would support it she would have to surrender the child. She further testified that she saw the defendant after the baby was born and explained the alternatives and possibilities in planning for the baby and that she was present at the time the act of surrender was signed and no one talked to defendant except the notary who read the act to defendant before she signed it. This clearly shows that no pressure was exerted to compel the defendant to sign the surrender.

Insofar as the cost is concerned we think that the appellants should pay the cost of the lower court for the reason that if no opposition had been filed the appellants would have had to pay the cost of the adoption proceedings.

For the reasons assigned, the judgment is reversed and set aside and it is now ordered that a final decree of adoption is granted in favor of Mr. and Mrs. William Slaughter Ball decreeing the minor, Barbara Gail Campbell, to be the child of Mr. and Mrs. William Slaughter Ball and that the name of the child is hereby changed to Martha Sarah Ball. It is further ordered that the

Clerk of Court issue a new record of the birth of the adopted child in the new name and that the new birth certificate issue to Mr. and Mrs. William Slaughter Ball; cost in lower court to be paid by the appellants; cost of appeals to be paid by appellee.