SARTAIN, Judge.
The matter before us for consideration is a motion by plaintiff, Dorothy Givens Jenkins, to dismiss an appeal taken by defendant, Liberty Life Assurance Company.
The salient facts are as follows: Plaintiff instituted suit in the 19th Judicial District Court to recover from defendant the sum of $10,000.00, representing proceeds due by defendant to a named beneficiary under the terms of a group life insurance policy issued by defendant and covering one Charles Murray, decedent.
Defendant filed a reconventional demand and alleged, inter alia, that other persons were claiming benefits under the same policy and cited Dorothy Murray Hinton, Doris Washington and Gladys McSwain Butler to appear and set forth such claim or claims as said persons might have or assert. Accordingly, the litigation was converted into a concursus proceeding.
On January 18, 1967, judgment was rendered in the district court in favor of plaintiff, Dorothy Givens Jenkins, recognizing her as entitled to the proceeds of the policy. Judgment was further rendered rejecting the claims of the aforementioned Dorothy Murray Hinton, Doris Washington and Gladys McSwain Butler.
On January 24, 1967 Gladys McSwain Butler and Dorothy Murray Hinton filed a joint motion for a new trial. The rule issued in connection therewith was returnable on February 6, 1967. Said motion and rule were directed to Dorothy Givens Jenkins, Liberty Life Assurance Company and Doris Washington. On the same date, January 24, 1967, Doris Washington filed a motion for a new trial which motion was directed to Liberty Life Assurance Company, Dorothy Givens Jenkins and Dorothy Murray Hinton. This rule was also made returnable on February 6, 1967.
Defendant, Liberty Life Assurance Company, hereinafter referred to as Liberty Life, taking the position that the judgment in favor of Dorothy Givens Jenkins would become executory at the expiration of fifteen days from January 18, 1967, applied for and was granted an appeal, suspensive and in the alternative devolutive, returnable to this court on March 31, 1967. Defendant perfected a suspensive appeal by furnishing bond on February 3, 1967.
Pursuant to the aforementioned rules, the trial judge on February 6, 1967 denied the motions for a new trial as to all applicants.
On the same date defendant, Liberty Life, again asked for and obtained an appeal, suspensive and in the alternative de-volutive, returnable to this court on March 31, 1967.
Plaintiff, Dorothy Givens Jenkins, filed the present motion to dismiss this appeal *153 on two grounds, namely: (1) that the appeal was taken and perfected prematurely inasmuch as the trial court had not decided the case finally due to the pendency of the applications for a new trial; and, (2) that the defendant, Liberty Life, has no right of appeal in this matter in any event inasmuch as said defendant is merely a “stakeholder” with no appealable interest. For reasons hereinafter stated we find both contentions of plaintiff without merit.
The motion for appeal by defendant, Liberty Life, on February 3, 1967 was in fact premature for the record is clear and there is no dispute that on February 3, 1967, there was pending before the trial court applications for rehearing by the three above named intervenors. In each application for a new trial both plaintiff, Dorothy Givens Jenkins, and defendant, Liberty Life, were named, notified through counsel, and cited to appear on February 6, 1967 and for reasons stated in the motions to show cause why the judgment of January 18, 1967 should not be set aside, annulled and a new trial granted.
Notwithstanding the caution exercised by defendant, Liberty Life, in seeking an appeal on February 3, 1967, the law is well settled that on that latter date, plaintiff, Dorothy Givens Jenkins, did not have an effective judgment nor was the delay for taking a suspensive appeal operative.
A motion for a new trial which has been timely filed renders ineffective the rendition of a judgment until the said motion is ruled upon by the trial judge. The same is true even when a judgment is signed before the expiration of three full days allowed for the application for a new trial. Herold v. Jefferson, et al., 172 La. 315, 134 So. 104; Maison Blanche Company v. Mefsut, La.App., 177 So. 824; Quave v. Signorelli, La.App., 141 So.2d 709; Cooper v. Cooper, La.App., 158 So.2d 248.
Defendant, Liberty Life, however, cured the premature defect occasioned by its motion for an appeal on February 3, 1967, when on February 6, 1967, said defendant again asked for and was granted a similar motion for appeal. It was on February 6, 1967 that the trial judge overruled the motions for a new trial. It is also on this date that the judgment rendered in favor of Dorothy Givens Jenkins became effective and the delays for taking an appeal or execution thereon commenced to run. The fact that the trial judge signed the order overruling the motions for new trial on February 9, 1967, did not have the effect of delaying the efficacy of his decision of February 6, 1967 for under these circumstances the trial judge was not required to sign such an order. Statements contained in State ex rel. Wellman v. Bell, 142 La. 662, 77 So. 493; Ball et ux. v. Campbell, 222 La. 399, 62 So.2d 621; Herold v. Jefferson, supra; Cooper v. Cooper, supra, clearly indicate that it is the action of the trial judge on the motion for a new trial that triggers the commencement of appropriate delays and not the subsequent signing of an order which does nothing more than reduce the order to writing.
Even though it is apparent that the appeal bond furnished by defendant, Liberty Life, was pursuant to the order of February 3, 1967, its purpose and validity are not affected by the subsequent order of Febru-arj' 7, 1967 for the amount of the bond in each instance is the same. The filing of the bond on February 3, 1967 though premature at that time suffices to satisfy the requirements of the second order of appeal on February 7, 1967, and the latter appeal is not defective for this reason. Carter v. Aetna Casualty & Surety Company, 165 La. 478, 115 So. 662.
Plaintiff’s contention that defendant, Liberty Life, is merely a “stakeholder” with no appealable interest is at this time untenable because as the matter presently exists said defendant now stands as the only party cast in judgment and that judgment is for the sum of $10,000.00 plus legal interest.
*154 In Paragraph 5 of its reconventional demand Liberty Life alleges:
“Since Liberty Life Assurance Company is not certain that any of the parties im-pleaded herein are entitled to the policy proceeds, it does not concede liability to any of the parties impleaded and it is not required to do so by CCP Article 4652.”
and in Paragraph 7 of said reconventional demand Liberty Life further alleges:
“Since Liberty Life Assurance Company denies liability to each of the claimants made parties hereto although it does not deny liability to some one for the policy proceeds, Liberty Life Assurance Company is not required to deposit the policy proceeds in the registry of the court at this time as permitted by CCP Article 4658.”
Accordingly, it appears to us that Liberty Life has the right to have the lower court’s decision reviewed here and is entitled to a suspension of the trial judge’s decision pending a review thereof on appeal. While Liberty Life may well be a “stakeholder” for someone it does not necessarily follow that it is a “stakeholder” for plaintiff.
Counsel for plaintiff cites Werhan v. Helis, 147 So.2d 260, writs denied, 214 La. 667, 153 So.2d 882 and Hoyle v. Schiro, La.App., 172 So.2d 759 as authority for the proposition that Liberty Life has no appeal-able interest in the matter before us. The Helis case is clearly distinguishable from the facts in the instant matter for in the Helis case the appellants did not answer the petition or make any appearance in the trial court. The Hoyle case involved an action by a former deputy criminal sheriff for salary against a criminal sheriff, the mayor of the City of New Orleans and the Director of Finance. The court found that the city officials were excluded from consideration of the case on the merits by an amended petition abandoning any claim against them. Judgment was rendered against the criminal sheriff and the city appealed. The court applied the well established rule that a party who has no interest in changing a judgment of a lower court cannot exercise a right of appeal. LSA-C.C.P. Article 2082. It is clear that in the Hoyle case the city was completely unaffected by the outcome of the action. Whether or not Liberty Life will pay the proceeds of its policy to plaintiff depends upon a review of the decision of the trial court.
For the above arid foregoing reasons the motion to dismiss is denied.