ON MOTION TO DISMISS
HALL, Judge.
This matter is before us on a motion to dismiss the appeal.
American National Life Insurance Company, admitting its liability for $3,000.00 on a certain policy of life insurance, deposited this amount in the Registry of the Court and cited Mrs. Angela R. Ramon and Mrs. Mary R. Purpe to establish their respective claims thereto in concurso.
On June 29, 1967, the District Judge rendered and signed a summary judgment recognizing Mrs. Ramon to be entitled to the policy proceeds and ordering same to be paid to her.
The following day viz. on June 30, 1967, Mrs. Purpe filed a motion and obtained an order for a suspensive appeal from this judgment upon furnishing a cash bond in the sum of $50.00. The appeal was made returnable on August 15, 1967.
On July 5, 1967, Mrs. Purpe filed a motion for a new trial.
On July 14, 1967, a judgment was signed denying the motion for a new trial.
On August 11, 1967, the appellant, Mrs. Purpe, filed a $50.00 cash appeal bond pursuant to the order of June 30, 1967, and on the same date an order was rendered extending the return date of the appeal to October 13, 1967.
On September 20, 1967, the record was lodged in this Court.
On October 25, 1967, the appellee, Mrs. Ramon, filed a motion to dismiss the appeal and on November 2, 1967, the appellant, Mrs. Purpe, filed an answer thereto.
In her motion to dismiss, appellee contends that appellant’s motion for appeal filed on June 30, 1967, was premature; that appellant has not perfected an appeal of any nature and that the appeal should be dismissed for lack of jurisdiction, citing Jenkins v. Liberty Life Assurance Company, La.App., 198 So.2d 151 as authority for her contention. Appellee cited no other authority and filed no brief in support of her motion.
Appellant contends that the motion to dismiss was not timely filed in accordance with LSA-C.C.P. 2161. She also contends that the question of prematurity of the motion for appeal is moot because upon the denial of the motion for new trial the judgment appealed from became effective as of the date it was signed, namely June 29, 1967.
A motion to dismiss on jurisdictional grounds may be filed at any time. We therefore pass over the fact that the motion to dismiss was not timely filed.
The question presented is whether the appellant has perfected a valid appeal.
*800 The Jenkins case cited by appellee was also a concursus proceeding. In that case the defendant “stakeholder” applied for and was granted a suspensive appeal. However on the date the appeal was granted there were pending before the Trial Court applications for a new trial by the intervenor claimants to the fund. Some days later the motions for a new trial were denied as to all applicants. On the date the new trial was denied the defendant applied for and obtained a second order of appeal. Following lodging of the transcript in the Appellate Court one of the intervenor appellees moved to dismiss defendant-appellant’s appeal on the ground that same was taken and perfected prematurely. The First Circuit in denying the motion to dismiss held that although the first order of appeal was premature and ineffective the defect was-cured by the second order of appeal which was granted after the motions for a new trial had been denied.
The appellee cites the Jenkins case as controlling in the case before us but we are not told why. Apparently appellee is under the impression the Jenkins case held that the first order of appeal signed in that case was a nullity. The Jenkins case does not so hold. All that it held was that the first order was premature. It appears to us that the Court’s only reason for discussing the prematurity of the first order was that the appeal bond furnished by appellant was filed pursuant to and on the same date the first order of appeal was granted. The Court held that inasmuch as the amount of the bond fixed by the Court was the same in both orders of appeal “ * * * The filing of the bond on February 3, 1967 though premature at that time suffices to satisfy the requirements of the second order of appeal on February 7, 1967, and the latter appeal is not defective for this reason.” (Citing Carter v. Aetna Casualty & Surety Company, 165 La. 478, 115 So. 662.)
In the instant case appellant applied for and was granted a suspensive appeal the day following the rendition of the judgment appealed from. Obviously this action was taken before the delay for applying for a new trial had elapsed. (See LSA-C.C.P. Art. 1974) Following appellant’s appeal but within the legal delay a motion for a new trial was filed. It is noticed incidentally that this motion was filed on behalf of appellant herself.
It is well settled that a judgment, although “final” within the meaning of LSA-C.C.P. Art. 1841, does not become effective and executory until the delay for applying for a new trial has elapsed, or, in the event such an application has bees timely filed, until it has been denied by the Trial Judge. (See Cooper v. Cooper, La.App., 158 So.2d 248; LSA-C.C.P. Arts. 2123, 2087) The reason is obvious. A new trial, if granted, may result in a reversal or modification of the first judgment.
Notwithstanding the fact that in the instant case (contrary to the situation in Jenkins) no application for a new trial was pending at the time the order of appeal was granted, we are of the opinion that the appeal was nevertheless premature, since the judgment appealed from was not then effective.
However it does not follow that the order of appeal was a nullity. If this were true the Court in the Jenkins case would have been compelled to dismiss that appeal because no bond was posted under the second order of appeal.
We are of the opinion that the denial of the new trial in the case at bar had the effect of making the judgment appealed from effective retroactively as of the date of its rendition and signing and of curing the prematurity of the application and order of appeal. What our predecessor Court held in Mossier Acceptance Co. v. Moliere, La.App., 181 So. 228, in dealing with C.P. Articles 546 and 558 is applicable here. In that case, as in the case at bar, the appellant applied for and was granted an appeal on the day following the rendition of the judgment appealed from. The judgment *801 was not signed until three days after the appeal had been taken. (See Articles 546 and 558 of the Code of Practice) The Court said in part:
“We are of the opinion that the judgment was final and determinative of the rights of the parties. Hence, it was imperative, under article 546 of the Code of Practice, that it be signed by the judge in order for it to become execu-tory and, until so signed, it was incomplete, and no appeal could be taken therefrom * * *
“The fact that the judgment was signed and the fact that it appears in the record before us as a final decree, we think, has the effect of curing the prematurity of the application and order of appeal. The underlying purpose of the provisions in the Code of Practice, that the judge must allow three days to elapse before signing judgments rendered by him, is to accord to the unsuccessful litigant a reasonable time within which to apply for a new trial * * * Hence, the most that can be said with respect to the premature action of the appellant in this case, is that, by applying for the appeal on the day after the judgment was rendered, he abandoned the right granted him by law to apply for a new trial.”
It is well established in our jurisprudence that appeals must be maintained whenever possible and should not be dismissed unless the grounds therefor are free from doubt.
The motion for a new trial was denied by the Trial Court on July 14, 1967. Appellant did not perfect her appeal by filing bond until August 11, 1967, which was not within the fifteen days allowed by LSA-C.C.P. Art. 2123 for perfecting a suspensive appeal but was within the ninety days allowed by LSA-C.C.P. Art. 2087 for perfecting a devolutive appeal.
For the foregoing reasons the motion to dismiss is denied but the appeal is restricted to a devolutive appeal.
Motion .to dismiss denied.