302 So.2d 925 (1974)
ADOPTION OF Debbie Lenette LINDSEY.
ADOPTION OF Pamela Denette LINDSEY. and Jeffrey Glen Lindsey.
Nos. 9903, 9904.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Writ Refused September 20, 1974.
*926 Leon J. Brainis, Metairie, for appellant.
David E. Cooley, Slidell, for appellee.
Before LOTTINGER, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
By a final decree in Suit Nos. 475 and 480 on the docket of the Twenty-second Judicial District Court, Douglas Davis Goodman adopted the minors, Debbie Lenette Lindsey, Pamela Denette Lindsey and Jeffrey Glen Lindsey. Eurall Glen Lindsey has appealed from each decree of adoption. This Court issued an order to appellant to show cause why this appeal should not be dismissed. In response thereto, both parties have filed briefs.
The final decrees of adoption are dated January 23, 1974. On February 21, 1974, appellant filed a written motion for an appeal. On February 25, 1974, the trial judge signed the order fixing the appeal bond at the sum of $300. On March 11, 1974, the clerk received a $300 cash deposit from appellant in lieu of a bond.
LSA-R.S. 9:438 provides for appeals in adoption proceedings and requires that if the appeal is not perfected within thirty days after a judgment is rendered, the judgment shall be final. We quote the pertinent provision:
"* * * If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final."
Counsel for appellee argues that the motion for an appeal was not timely taken because the trial judge did not sign the order of appeal until February 25, 1974, which date was beyond the thirty-day period provided in the statute. We find no merit in this argument since it is not crucial when the trial judge signs the order as long as the motion for appeal is timely filed.
We now consider the effect of filing the cash bond more than thirty days after the judgment was rendered.
As noted above, the statute provides that the appeal must be perfected within thirty days after a judgment is rendered. Adoption proceedings are not exempted from the general dispositions regulating appellate procedure, save the requirement that they be perfected in thirty days. See Ball v. Campbell, 222 La. 399, 62 So.2d 621 (1952), wherein the Court rejected the argument that appellate procedure in an adoption proceeding is different from the general rules governing appeal as then contained in the Code of Practice.
The applicable provision of LSA-C.C.P. Article 2087 reads as follows:

"Except as otherwise provided by law,[1] an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, *927 and the security therefor furnished * * *." (Emphasis supplied)
Under the "Official Revision Comments" and under subparagraph (b) the following comment is made:
"(b) The exception at the beginning of this article avoids conflict with a number of code and statutory provisions providing shorter delays for appeal from certain judgments. These provisions include * * *."
While no mention is made of the thirty-day period required for an appeal in an adoption proceeding, R.S. 9:438 so provides.
We note elsewhere the general provisions of the title "Juvenile Courts," R.S. 13:1561 et seq., having jurisdiction over adoption proceedings, and under R.S. 13:1591 it is provided:
"* * * Appeals from any final judgment of a juvenile court must be taken within fifteen days after said judgment is signed, except that in adoption proceedings appeals shall be taken as is provided by law." (Emphasis supplied)
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the timely filing of the appeal bond in the trial court. LSA-C.C.P. Article 2088. Because of appellant's failure to file the bond timely, this Court is without jurisdiction and the appeal must be dismissed. State Board of Education v. Anthony, 289 So.2d 279 (La.App. 1st Cir. 1973).
Appeal dismissed.
NOTES
[1] The above wording is substantially the same by virtue of a 1962 Amendment: "Except as otherwise provided in this article or by other law."