PONDER, Judge.
This action is before us on a motion to dismiss an appeal as being premature. We issued a show cause order on February 28, 1977, ordering that the parties show cause why the appeal should not be dismissed.
On February 7, 1977, a judgment was signed in favor of plaintiff in conformity with a jury verdict. On February 10,1977, the judge signed a supplemental judgment on two remaining issues in the trial, which were not before the jury. On February 10, 1977, an order granting plaintiff a devolutive appeal was signed by the judge. On February 11,1977, defendants filed a timely motion for a new trial. On February 15, 1977, plaintiff had a supplemental order for appeal signed and posted an appeal bond. At the hearing on the motion for a new trial, the court refused to entertain the motion, holding that it had been divested of jurisdiction by plaintiff’s appeal.
We believe the plaintiff’s appeal is premature and should be dismissed. In Jenkins v. Liberty Life Assurance Company, 198 So.2d 151 (La.App., 1st Cir. 1967), plaintiff timely applied for a new trial; thereafter, defendants filed an appeal bond, thereby perfecting their appeal. The court ruled that the motion for appeal was premature because there was pending before the court a motion for a new trial. See also American National Insurance Company v. Ramon, 204 So.2d 798 (La.App., 4th Cir. 1967); and Billeaud v. Perry, 336 So.2d 539 (La.App., 4th Cir. 1976).
For the above reasons, the plaintiff’s appeal is dismissed at its costs.
APPEAL DISMISSED.