411 So.2d 596 (1982)
William D. OLIVER, Sr.
v.
Meridel Vincent OLIVER.
No. 14974.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Sam J. D'Amico, Baton Rouge, for plaintiff-appellant William D. Oliver, Sr.
Patsy Jo McDowell, Baton Rouge, for defendant-appellant Meridel Vincent Oliver.
Before ELLIS, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
This matter is before this court on a motion by plaintiff, William D. Oliver, Sr., to dismiss the appeal of defendant, Meridel Vincent Oliver.
Plaintiff has set forth the following facts in his motion to dismiss which we find adequately state the chronology of events:
"1.
"On May 13, 1981, Meridel Vincent Oliver, hereinafter referred to as Mrs. Oliver, filed a rule nisi praying that Mr. Oliver be adjudged in contempt of court for failure to pay alimony and to determine the arrearage of alimony to be $12,138.00 and for attorney's fees.
"Mr. Oliver filed his answer to this rule on May 21, 1981, denying relator's allegations and prayed that the court determine the commencement date of the alimony.
"This rule was heard by the Family Court on May 21, 1981. The Family Court delayed ruling on this rule until after the filing of briefs by the parties.
"On June 30, 1981 the Family Court in written reasons fixed the arrearage of alimony at $5,202.00. The rule for contempt and attorney's fees was denied.
"The judgment on this rule was signed on July 9, 1981.

*597 "On July 15, 1981, Mr. Oliver timely filed a motion for new trial pertinent to the judgment which was signed on July 9, 1981.
"On July 23, 1981, Mrs. Oliver moved for and was granted an order of devolutive appeal of the judgment rendered on June 30, 1981 which was read and signed on July 9, 1981. The order of appeal was made returnable September 22, 1981.
"The notice of appeal and estimated costs were sent to counsel for Mr. Oliver on July 23, 1981.
"Mr. Oliver's motion for new trial was fixed for hearing on August 6, 1981.
"On July 13, 1981, Mrs. Oliver filed an exception to the jurisdiction of the Family Court relative to Mr. Oliver's motion for a new trial alleging that the matter was on appeal.
"On September 10, 1981, the Family Court by written reasons, overruled Mrs. Oliver's exception.
"On September 10, 1981, the Family Court denied Mr. Oliver's motion for a new trial.
"On September 17, 1981, judgment was read and signed by the Family Court overruling Mrs. Oliver's exception to the jurisdiction and denying Mr. Oliver's motion for a new trial.
"On September 17, 1981, Mr. Oliver moved for and obtained an order of devolutive appeal of the judgment which was rendered on July 9, 1981, relative to the arrearage of alimony.
"Notice of the appeal and estimated costs were filed by the clerk on September 17, 1981.
"The appeals were filed on October 22, 1981 in this court.
"2.
"Mrs. Oliver neither filed a motion nor obtained an order of appeal after the judgment was rendered on Sept. 10, 1981, and read and signed on September 17, 1981, overruling Mrs. Oliver's exception to the jurisdiction and denying Mr. Oliver's motion for a new trial.
"3.
"Mrs. Oliver has not filed an answer to Mr. Oliver's appeal from the above mentioned judgment."
Defendant, Mrs. Meridel Vincent Oliver, has filed a peremptory exception of prescription arguing that under La.C.C.P. art. 2161 "a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant [defendant] must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." Plaintiff filed his motion to dismiss more than three days after the lodging of the record on appeal.
In support of his motion to dismiss plaintiff contends that Mrs. Oliver filed her appeal prematurely, i.e. prior to the denial of his motion for a new trial, and that the denial of the motion for a new trial cannot cure a prematurely taken appeal.

PRESCRIPTION
The true question before this court is whether a valid appeal is pending. When the jurisdiction of an appellate court to entertain an appeal is at issue, a motion to dismiss may be filed at any time. American National Insurance Company v. Ramon, 204 So.2d 798 (La.App. 4th Cir. 1967). Therefore, the exception of prescription is without merit.

VALIDITY OF APPEAL
Appeals are favored, and any doubt as to their validity is resolved in favor of the appellant.
We agree that an appeal taken while a motion for a new trial is pending is premature because as a general rule appeals may only be taken from final judgments, La.C.C.P. art. 2083, and a timely filed motion for a new trial suspends the effective operation of a judgment until the motion is ruled upon. Oliver v. Milliken and Farwell, Inc., 356 So.2d 443 (La.App. 1st Cir. 1977), writ denied 363 So.2d 68 (1978).
However, the Milliken case is not dispositive of the issue because there the *598 motion for a new trial had not been disposed of prior to the dismissal of the appeal. In the instant case, there is no pending motion for a new trial. Jenkins v. Liberty Life Assurance Company, 198 So.2d 151 (La. App. 1st Cir. 1967), cited by plaintiff did not consider whether a premature appeal could be cured by the subsequent denial of a motion for a new trial because a second appeal was granted after the denial of the new trial motion. However, Jenkins did recognize the bond filed with the premature appeal and allowed same to be applicable to the second appeal.
We are more inclined to agree with our brethren on the Fourth Circuit in American National Insurance Company v. Ramon, supra, a case most similar, when the court said:
"We are of the opinion that the denial of the new trial in the case at bar had the effect of making the judgment appealed from effective retroactively as of the date of its rendition and signing and of curing the prematurity of the application and order of appeal." (204 So.2d 800)
Therefore, for the above and foregoing reasons, the motion to dismiss is denied at the cost of William D. Oliver, Sr. MOTION DENIED.