SHORTESS, Judge.
These consolidated suits arose out of a collision in Lafourche Parish. Both are wrongful death actions. Multiple defendants are involved, including the State of Louisiana, through the Department of Transportation and Development (DOTD) and the Lafourche Parish Police Jury (Police Jury). After trial judgment was rendered in favor of the plaintiffs in both actions. The trial court dismissed some defendants but held DOTD and the Parish Police Jury liable in solido for plaintiffs’ injuries.
Judgment was signed on April 16, 1984. Plaintiffs filed motions for new trials in both suits on April 25, 1984. The Daigle plaintiffs filed a motion to withdraw, their motion for new trial on June 28, 1984, and an order granting the motion to withdraw was signed on July 2, 1984.
The Hanson motion for new trial was set for hearing on November 15, 1984, but there has been no disposition of said motion as of the present time.
DOTD obtained an order of suspensive appeal on July 23, 1984, in both cases. The Police Jury also obtained an order for sus-pensive appeal on July 25, 1984, in both cases.
Plaintiff Hanson filed this motion to dismiss said suspensive appeals, contending that same are premature because his judgment is not final.
In response to Hanson’s motion, both DOTD and the Police Jury have filed mem-oranda conceding that their motions for appeal are premature (see LSA-C.C.P. art. 2083; Oliver v. Oliver, 411 So.2d 596 (La.App. 1st Cir.1982).
DOTD also points out in its response that the Daigle appeal should not be considered until the Hanson judgment becomes final and appealable because the liability issue in both cases is identical; therefore, one simultaneous appeal should be required, to permit judicial efficiency and economy and to avoid piecemeal litigation. We agree and will hold the Daigle appeal in abeyance until the Hanson judgment becomes final and appealable under the authority of LSA-C.C.P. art. 2164, which empowers us to “render any judgment which is just, legal and proper upon the record on appeal.”
Accordingly, the appeal in Hanson v. Hanson is dismissed, it being premature at this time. The appeal in Daigle v. Hanson is ordered held in abeyance until such time as the Hanson judgment becomes final and appealable.
APPEAL DISMISSED in Suit No. 84CA1301, Hanson v. Hanson.