YELVERTON, Judge.
MOTION TO DISMISS
The appellee, Steven Otterstatter, moves to dismiss the appeal of Stanley Evans and Robin Black Evans on the grounds the appeal was untimely filed.
On July 18, 1986, the trial court signed a judgment rendered on July 3, 1986. This judgment dismissed, with prejudice, the petition for adoption filed by the appellants.
A motion for a new trial was filed on July 28, 1986, and denied by the trial court on August 4, 1986. Apparently there was no hearing on the motion for new trial, as the trial court simply wrote “DENIED” across the order that would have shown the date and time for a hearing on the matter. Also, there is no acknowledgment of any hearing concerning the motion for a new trial in the trial court’s minute entries. Notice of the denial of the motion for new trial was mailed on August 5, 1986, to the appellant’s counsel, as evidenced by the certificate stamped on the judgment contained in the record.
The motion and order for appeal was filed on Auugust 11, 1986, and granted on August 12, 1986.
LSA-R.S. 9:438, dealing with appeals in adoption cases, provides:
SECTION 438 APPEALS
Appeals from any judgment in accordance with this Sub-part or from the granting or refusal of an interlocutory decree shall be to the supreme court on both law and fact. Any party to the proceedings or any other party in interest shall have the right to appeal within thirty days after the rendition of a judgment or decree. If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final.
Mover argues that the appeal filed on August 11,1986 was more than thirty days after the judgment was rendered on July 3, 1986, thus the appeal is untimely.
There is no question that the appellants were entitled to seek a new trial in this adoption matter in accordance with the Code of Civil Procedure. See LSA-C.C.P. Arts. 1971-1979, Ball v. Campbell, 222 La. 399, 62 So.2d 621 (1952), In Re: Salmon, 318 So.2d 897 (La.App.2nd Cir.1975). This was done timely and in accordance with LSA-C.C.P. Art. 1974.
The appellants then filed their motion and order for appeal within thirty days of the trial court’s denial of the appellants’ motion for new trial.
There are decisions construing LSA-R.S. 9:438, that state appeals in adoption cases are governed by the Code of Civil Procedure insofar as the Code does not conflict with LSA-R.S. 9:438. In Re: Salmon, supra, Ball, supra, Adoption of Lindsey, 302 So.2d 925 (La.App.lst Cir.1974). However, as the appellant is entitled to a motion for a new trial, the thirty day period allowed by LSA-R.S. 9:438 must be construed as not starting until disposition by the trial court of the motion for new trial.
As the appellants filed their motion and order for appeal before the thirty day period expired after the trial court disposed of the appellants’ motion for new trial, the appeal was timely filed.
MOTION DENIED AND APPEAL MAINTAINED.