YELVERTON, Judge.
MOTION TO DISMISS
The appellees, the adoptive couple, move to dismiss the appeal of the natural father alleging the appeal was untimely taken.
The child was born on April 12, 1989. The mother executed an authentic act of surrender on April 17, 1989, placing the child with third parties. The natural father did not file a formal opposition until August 21, 1989. By then, this adoption proceeding had been commenced.
The adoptive couple filed a motion for summary judgment seeking the dismissal of the opposition, on the ground that the alleged father of the child did not assert the opposition within thirty days from the date of the act of surrender, as required by law, and that his right to oppose the adoption was perempted.
The trial judge granted summary judgment and dismissed the opposition on November 20, 1989. Notice of judgment was mailed on November 29, 1989. The natural father did not file his petition for appeal until January 19, 1990. On August 10, 1990, the adoptive parents filed a motion to dismiss the appeal as untimely pursuant to La.R.S. 9:438.
La.R.S. 9:438 states as follows:
§ 438. Appeals
Appeals from any judgment rendered in accordance with this Subpart or from the granting or refusal to grant an adoption decree shall be to the court of appeal on both law and fact, as provided in Article 5, Section 10 of the Constitution of Louisiana. Any party to the proceedings or any other party in interest shall have the right to appeal within thirty *1052 days after the rendition of a judgment or decree. If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final.
In the present case it is clear that appellant did not file his appeal within thirty days of rendition of the judgment dismissing appellant’s opposition to the adoption or the mailing of the notice of judgment. The appeal is therefore untimely. Plaintiff-ap-pellee’s motion to dismiss this appeal is granted and the appeal is ordered dismissed at defendant-appellant’s cost.
APPEAL DISMISSED.