665 So.2d 774 (1995)
In re Donna D. MILLER.
In re Deanna Kristine MILLER.
Applying for Intrafamily Adoption.
Nos. 95 CA 1051, 95 CA 1052.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Writ Denied February 9, 1996.
Carey T. Jones, Denham Springs, for Phildon K. Miller.
*775 C. John Caskey, Baton Rouge, for Richard D. McShan.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
LOTTINGER, Chief Judge.
These consolidated cases involve an intrafamily adoption and a motion to fix custody and visitation. The trial judge authorized the adoption in favor of the natural mother's spouse and dismissed, as moot, the natural father's motion to fix custody and visitation. The father appeals.

BACKGROUND
On March 3, 1989, in case number 12,587, a judgment of divorce was entered in favor of Donna Miller (now Donna McShan hereinafter referred to a Mrs. McShan) granting her a divorce from her husband Phildon Miller (Mr. Miller). The court awarded joint legal custody of the minor child, Deanna Miller, with Mrs. McShan being the primary domiciliary parent. Mr. Miller was ordered to pay child support in the amount of $250.00 per month.
In June of 1993, Mrs. McShan married Richard McShan (Mr. McShan). In May of 1994, approximately one year after Mrs. McShan's marriage, Mr. Miller filed a motion and order to fix custody and visitation rights in case number 12,587. Mr. McShan then filed a petition for intrafamily adoption on July 1, 1994. The adoption suit was numbered A-850. It is undisputed that Mr. Miller failed to maintain his child support obligation in the year immediately preceding the filing of the adoption petition. The matters were consolidated for trial and heard on September 23, 1994. The trial judge approved the adoption and dismissed, as moot, the motion to fix custody and visitation.
On September 30, 1994, Mr. Miller filed a pleading entitled, motion to re-set matter for hearing. While the motion referenced only suit number A-850, the adoption, it was filed into the records of both cases. The trial judge treated the motion as a motion for new trial and on December 16, 1994, the motion was denied. The denial was also filed into the records of both cases. On January 12, 1995, Mr. Miller filed the present appeal citing both cases.[1] On appeal, Mr. Miller assigns two errors:
(1) The trial court misallocated the burden of proof under Children's Code Article 1255(B).
(2) The trial court's determination of the child's best interest was so tainted by legal error and by insufficient evidence that the judgment must be vacated and the case remanded for new hearing.
Mr. and Mrs. McShan have filed motions for dismissal in each case.

MOTIONS TO DISMISS

A. Dismissal of the Adoption
Mr. McShan asserts that the appeal in the adoption suit is untimely because the Louisiana Children's Code mandates that appeals be taken within 30 days of rendition of a judgment granting an adoption.
Article 1259 of the Children's Code provides:
A. Any party to the proceedings or any other party in interest shall have the right to appeal a judgment granting or refusing to grant an interlocutory or final decree regarding any type of adoption within 30 days after the rendition of a judgment or decree.
B. If no appeal is perfected within 30 days after a judgment is rendered, the judgment shall be final.
Article 104 of the Children's Code specifically states that where procedures are not provided by this code or otherwise by law, the court shall proceed in accordance with the Code of Civil Procedure. The Children's Code does not provide for, nor does it expressly exclude motions for new trial. Therefore, such motions are incorporated into the Children's Code by virtue of article 104. Because Mr. Miller is entitled to seek a new trial in this adoption matter in accordance with La.Code Civ.P. arts. 1971-79, the *776 thirty day period allowed in article 1259 of the Children's Code must be construed as not starting until disposition of the new trial motion. See Ball v. Campbell, 222 La. 399, 62 So.2d 621 (La.1952); In re Adoption of Otterstatter, 502 So.2d 1172 (La.App. 3rd Cir. 1987).[2]
There are other decisions in which appellate courts have dismissed appeals which were not filed within 30 days of rendition of the judgment granting the adoption. See Adoption of C.C.B. v. Hebert, 566 So.2d 1051 (La.App. 3rd Cir.), writ granted, 567 So.2d 1108 (La.1990) (Remanded for opinion on other grounds); In re Salmon, 318 So.2d 897 (La.App. 2nd Cir.1975) (on rehearing); Adoption of Lindsey, 302 So.2d 925 (La.App. 1st Cir.), writ denied 303 So.2d 492 (La. 1974); Adoption of Lemoine, 146 So.2d 12 (La.App. 4th Cir.1962). In each of these cases, however, no new trial motions were filed and therefore, the appeal delays were 30 days from the rendition of the judgment granting the adoption. These cases are not in conflict with our present decision which holds that when a new trial motion is filed in an adoption suit, the 30 day period allowed by article 1259 does not begin to run until disposition of the new trial motion.
In the present case, a new trial motion was timely filed and denied on December 16, 1994. This appeal was filed on January 12, 1995, well within the 30 day period allowed by article 1259. Mr. McShan's motion to dismiss the appeal in suit number A-850 must be denied.

B. Dismissal of the Motion to Fix Custody and Visitation
Mrs. McShan asserts that the appeal of the trial judge's dismissal of the motion to fix custody and visitation in case number 12,587 is untimely on its face. Mrs. McShan contends that no new trial motion was filed relative to case number 12,587. The first pleading directed to this matter was the appeal which was filed on January 12, 1995, over three months after the judgment. Mrs. McShan contends that the appeal in case number 12,587 is untimely and should be dismissed.
Mr. Miller asserts that because the cases were consolidated, the new trial motion filed in the adoption suit interrupted the appeal delays in both suits. Mr. Miller further notes that although the motion referenced only one case number, it was actually filed into the records of both cases. For these reasons, Mr. Miller contends that the appeal, which was filed within 30 days of the denial of the new trial motion, is timely in suit number 12,587.
Initially, we note that consolidation of actions pursuant to La.Code Civ.P. art. 1561 is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity. Howard v. Hercules-Gallion Co., 417 So.2d 508, 511 (La.App. 1st Cir.1982). Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. Id. The filing of a pleading or motion in one of several consolidated cases does not procedurally affect the others. Howard, 417 So.2d at 511; Phillips v. State, Through Department of Transportation and Development, 400 So.2d 1091, 1093 (La.App. 1st Cir.), writ denied, 401 So.2d 1195 (La.1981).
Unlike the cases of Howard and Phillips, where the pleadings were filed into the records of only one of the companion cases, Mr. Miller's motion was filed into both records. Although the caption referenced only one case number, all parties were aware that the motion for new trial had been filed. Under these circumstances, we will not dismiss the appeal based on the mere failure of Mr. Miller to include both case numbers in the caption of a motion which was physically filed into the records of both cases. For these reasons, we also deny Mrs. McShan's motion to dismiss.

I
Mr. Miller contends that the trial judge misallocated the burden of proof under *777 the La.Child.Code art. 1255(B). Article 1255 provides the proper standard for granting a final decree of adoption and creates a rebuttable presumption in certain intrafamily adoption situations. The article provides:
(A) The court, after hearing and after taking into consideration information from all sources concerning the intrafamily adoption, may enter a final decree of adoption, or it may deny the adoption. The basic consideration shall be the best interests of the child.
(B) When a court has granted custody to either the child's grandparents or his parent married to the stepparent petitioner, there shall be a rebuttable presumption that this adoption is in the best interests of the child.
In his oral reasons for judgment the trial judge made two statements regarding the burden of proof. He stated that "I think what that does is set up a burden on Mr. Miller, who is challenging and asking that the adoption not be allowed, to show it is not in the best interest." Later he stated that "while the burden I do not believe is on Mr. McShan to support the fact that in fact it will be in the child's best interest."
In the recent case of In re C.B., Applying for Adoption, 94-0755 (La. 10/17/94), 643 So.2d 1251, the supreme court specifically held that the presumption of article 1255(B) cannot be imposed against a natural parent having joint custody of the child. In the present case, Mr. Miller, the natural father, was awarded joint legal custody and thus, the presumption does not apply. When the presumption of article 1255(B) does not apply, the adoptive parent bears the burden of proving the adoption is in the child's best interest. Knapp v. Adoption of Cotten, 577 So.2d 241, 246 (La.App. 1st Cir.), writ denied, 580 So.2d 364 (La.1991). The trial judge in this case erroneously placed the burden of proof on Mr. Miller.

II
Mr. McShan contends that although the trial judge misallocated the burden of proof, this error did not cloud his judgment regarding the child's best interest and therefore, the decision should be affirmed. See La.Child.Code art. 1255(A). However, in considering the relatively brief transcript of the hearing, we conclude that the trial judge had insufficient information to adequately determine the child's best interest.
The primary consideration in adoption proceedings is whether the adoption is in the best interest of the child. In re C.B., Applying for Adoption, 94-0755 at p. 8-9, 643 So.2d at 1256. Even when a parent's consent is obviated by failure to pay child support under La.Child.Code art. 1245, the court must still consider whether the adoption is in the child's best interest. Id.
Several factors must be considered when determining the best interest of the child. "The most important factors are the child's relationship with her stepfather and her natural father. It is not enough to examine the love and home environment provided by the petitioner/step-parent. It is necessary as well to examine the depth of closeness of the child's ties with the non-custodial natural parent, and the effect which the loss of this relationship would have on the child.... The court must also consider the seriousness and finality of the severing of the relationship between the parent and child, as well as the importance and benefit to the child of a continued relationship with the parent." Knapp, 577 So.2d at 246 (Emphasis added.)
In the present case, there is very little evidence regarding the child's relationship with the natural father and the effect which the loss of this relationship would have on the child. The evidence does show that although Mr. Miller failed to pay child support, he did attempt to maintain a relationship with his child. Mr. Miller's last visit with Deanna prior to the institution of the adoption proceedings was in November of 1993.[3] Mr. Miller attempted to visit Deanna again in December of 1993. Mr. Miller stated that when Mrs. McShan placed too many restrictions on the visitations, he filed the motion to set custody and visitation. The motion was filed on May 19, 1994, only four months after *778 the attempted visit and one month before Mr. McShan filed the adoption petition. Mr. Miller also claimed that he had numerous phone conversations with Deanna between November of 1993 and the date of the hearing.
The facts of this case are significantly different from Adoption of Dore, 469 So.2d 491 (La.App. 3rd Cir.1985) and In re JGG v. JLF, 556 So.2d 236 (La.App. 2nd Cir.1990). In those cases, the natural fathers had failed to take advantage of visitation for extended periods citing the mothers' conditions on visitation as unreasonable. In Dore, the father failed to visit his child for over two years. In JGG the father had not visited his child for a year and a half and only attempted to exercise visitation after the adoption petition was filed. In upholding the adoptions in these two cases, the appellate courts noted that if the fathers were truly interested in maintaining a relationship with their children they could have visited their children under the imposed conditions or they could have taken legal action to establish reasonable visitation. Dore, 469 So.2d at 494; JGG, 556 So.2d at 239; Contrast Knapp, 577 So.2d at 247-49 (Father attempted to maintain a meaningful relationship with his child and judgment granting the adoption was reversed.)
The brief transcript before this court indicates that Mr. Miller did not fail to visit his child for an extended period. When Mrs. McShan placed restrictions on visitation, Mr. Miller took legal action. The motion to set reasonable visitation was filed only four months after Mr. Miller's last attempted visit and one month prior to the filing of the adoption petition. Unlike the fathers in Dore and JGG, PM demonstrated a desire to maintain a relationship with his child.
Whether Mr. Miller has established a meaningful relationship with Deanna is questionable. It appears from the record that Deanna does not call or write to Mr. Miller and that Mr. Miller has never inquired about nor attended any of Deanna's school functions.[4] Regarding the failure to pay support, Mr. Miller testified that he did not pay the support because he did not have Mrs. McShan's address and because Mrs. McShan had obtained a peace bond on him.
The only expert to testify at the hearing was the social worker who interviewed Deanna. The interview occurred several days prior to the hearing and lasted a little over an hour. Deanna was the only party interviewed. The social worker found that Deanna was a well adjusted, very happy child, who desired the adoption in order to establish an intact functioning family. The social worker stated that Deanna did not fear Mr. Miller and appeared to love him. She also stated that Deanna has some grief over the fact that she has not been able to have a continuing relationship with Mr. Miller. The social worker did not ascertain how Deanna would feel if the adoption was denied. When asked what Deanna believes will happen if the adoption does not go through, the social worker stated that she could not say. The testimony of the social worker consisted of only nine pages.
While the record contains some information about the relationship between the child and the natural father, the record simply does not contain enough information to determine the "depth of closeness of the child's ties with the non-custodial natural parent, and the effect which the loss of this relationship would have on the child." Historically, Louisiana courts are reluctant to sever the parent/child relationship and derogate from the natural rights inherent therein. JGG v. JLF, 556 So.2d at 237. Considering the paucity of evidence regarding the relationship between the natural father and the child, we conclude that justice would best be served by remanding this case for a new hearing on the child's best interest. See La.Code Civ.P. art. 2164.

VISITATION
After granting the adoption in favor of Mr. McShan, the trial judge dismissed, as moot, Mr. Miller's motion to fix custody and visitation rights. In light of our decision to remand *779 this case for a new hearing on the child's best interest, the motion to fix custody and visitation is not moot and must be ruled upon by the trial judge following the hearing on remand.

CONCLUSION
For the forgoing reasons, we deny the motions to dismiss, reverse the authorization of the adoption and remand this case for a new hearing. Costs are assessed against the McShans.
REVERSED AND REMANDED.
NOTES
[1] Mr. Miller's motion for custody and visitation was assigned appellate number 95CA1052 and the adoption matter was assigned appellate number 95CA1051.
[2] Ball and Otterstatter dealt with former La.R.S. 9:438 which was incorporated into article 1259 of the Children's Code. Both cases held that new trial motions are proper in adoption proceedings. Ball, 62 So.2d at 623; Otterstatter, 502 So.2d at 1173.
[3] The record does not indicate the frequency of the visits prior to November of 1993.
[4] The evidence also indicates that Mrs. McShan has never offered information regarding school functions.