|.MICHAEL G. SULLIVAN, Judge.
Plaintiffs-Appellants, Donald Eugene Mosing and Dariel Parker Mosing, have filed an appeal in the above captioned case. Upon lodging the record, this court on its own motion issued a rule for the Plaintiffs to show cause why the appeal in the instant suit should not be dismissed. For the reasons discussed below, we now dismiss this appeal.
Donald Mosing was injured in an automobile collision which occurred on September 4, 1990. He was struck by a car being driven by Kirk P. Domas, who was allegedly intoxicated at the time of the wreck. Mosing was operating a vehicle that was owned by Frank’s Casing Crew and Rental Tools, Inc. (Frank’s Casing). Shortly after the accident, Mosing’s wife, Dariel Parker Mosing, came upon the accident scene and saw her husband. The Mosings and Frank’s Casing filed suit September 24, 1990, against Kirk Domas and his insurer, Automotive Casualty Insurance Company, under the caption Donald E. Mosing, et al. v. Kirk P. Domas, et al., bearing the docket number 904711 of the Fifteenth Judicial District Court for the Parish of Lafayette.
During the course of the action, among other defendants named in docket number 904711 was Aetna Casualty and Surety *439 Company. Aetna had issued an automobile liability policy, including uninsured/un-derinsured motorist coverage, for a vehicle belonging to the Mosings. On December 8, 1997, Travelers Casualty and Surety Company, as successor to Aetna Casualty and Surety Company, filed a motion for summary judgment. In the motion, Travelers argued that Stonewall Surplus Lines Insurance Company had issued an automobile liability policy to Frank’s Casing which covered the car that [ ¡/Mosing was driving at the time of the accident. Travelers contended that the Stonewall policy contained an invalid rejection form for uninsured/underinsured motorist coverage. Therefore, Travelers asserted that the purported rejection of this coverage by the insured, Frank’s Casing, was invalid and that the Stonewall policy provided UM coverage.
A hearing was held on the motion on January 5, 1998. The trial court signed a judgment on January 8, 1998, stating, “the Motion for Summary Judgment is granted in favor of mover, Travelers Casualty and Surety Company, formerly known as Aet-na Casualty and Surety Company, decreeing that the uninsured motorist waiver and policy by Stonewall Surplus Line Insurance Company did not provide a valid waiver of uninsured motorist coverage and that Stonewall Surplus Line Insurance Company provided uninsured motorist coverage for the vehicle operated by Donald Eugene Mosing on September 4, 1990.”
On January 7, 1998, Donald and Dariel Mosing filed suit against Stonewall Surplus Lines Insurance Company. The Mos-ings alleged that the policy of automobile liability insurance which had been issued by Stonewall to Frank’s Casing provided uninsured/underinsured motorist coverage due to an invalid rejection of such coverage. By order dated February 3, 1998, this latter suit, bearing docket number 980069 of the Fifteenth Judicial District Court for the Parish of Lafayette, was consolidated with the former suit bearing docket number 904711.
On September 18,1998, Stonewall filed a Motion to Reconsider and/or for Summary Judgment. Stonewall argued that the motion for summary | ¡judgment filed by Travelers had been improvidently granted. Stonewall asked that this judgment be set aside and that a judgment be rendered granting summary judgment in favor of Stonewall dismissing the Plaintiffs’ claims based on a valid rejection of UM coverage by Frank’s Casing. A hearing was conducted on this motion on November 2, 1998, and on November 18, 1998, the trial court signed a judgment rejecting the motion for reconsideration and the motion for summary judgment requested by Stonewall.
On May 7, 1999, the Plaintiffs, Donald and Dariel Mosing, filed a Motion to Dismiss With Prejudice. The motion reads, “NOW INTO COURT, through undersigned counsel, come plaintiffs, DONALD EUGENE MOSING and DARIEL JAN-ISE PARKER MOSING, and on suggesting to the Court that they have resolved and settled their claims against STONEWALL SURPLUS LINES INSURANCE COMPANY, only, and are desirous of dismissing their action as against STONEWALL SURPLUS LINES INSURANCE COMPANY, only, with prejudice, reserving any and all claims and/or rights they have against any and all other parties.” The order signed by the trial court on May 7, 1999, reads, “IT IS ORDERED, ADJUDGED AND DECREED, that plaintiffs’ action against STONEWALL SURPLUS LINES INSURANCE COMPANY is dismissed with prejudice, reserving to the plaintiffs their rights as against all other parties, with STONEWALL SURPLUS LINES INSURANCE COMPANY *440 to bear all of its costs in these consolidated matters, and the plaintiffs’ costs incurred in docket no. 98-0069.”
Following these developments, on May 12, 2000, Travelers again filed a motion for summary judgment. In this motion, Travelers pointed out that the | ¿prior summary judgment that Travelers had obtained meant that Stonewall was liable up to the one million dollars ($1,000,000) of policy limits for UM coverage. Travelers argued that the Stonewall policy provided the primary UM coverage and that Travelers’ UM coverage would only be triggered if the Plaintiffs’ damages exceeded this primary coverage and other payments previously received by the Plaintiffs. Travelers sought summary judgment dismissing it from the suit since the evidence adduced thus far did not support an award to the Plaintiffs which would exceed the primary coverage and other payments previously received.
This latter motion for summary judgment came up for hearing on the first day of the trial on the merits of this litigation on June 26, 2000. The trial court granted the motion and signed a written judgment dismissing the claims against Travelers with prejudice on that same date. The trial on the merits was concluded the following day, and judgment was signed in favor of the Mosings and Frank’s Casing against Kirk Domas on June 30, 2000.
On July 17, 2000, the Mosings and Frank’s Casing filed a Motion to Appeal in docket number 904711 praying that an appeal be granted from the following: 1) the judgment dated January 8, 1998, which found that the Stonewall policy provided UM coverage; 2) the judgment dated November 18, 1998, which denied the Motion to Reconsider and/or for Summary Judgment filed by Stonewall; and 3) the judgment of June 26, 2000, which dismissed Travelers from the suit.
On August 9, 2000, the Mosings and Frank’s Casing filed a First Amended Motion to Appeal. While the motion refers to the same judgments 1 fisought to be appealed in the first motion, the motion is captioned with the two consolidated cases and their respective docket numbers. This motion was granted by the trial court on August 14, 2000.
The records in these consolidated actions were lodged in this court, and on March 7, 2001, this court, ex proprio motu, issued an order for the Plaintiffs Appellants to show cause within fifteen days by brief only why the appeal in the case captioned Donald E. Mosing, et al. v. Stonewall Surplus Lines Insurance Company, bearing this court’s docket number 01-266, should not be dismissed. Having received no response to this rule, we proceed to determine whether this appeal should be maintained.
While cases may be consolidated, each case is a procedurally distinct entity. O’Rourke v. Cormier, 459 So.2d 200 (La.App. 3 Cir.1984). See also In re Miller, 95-1051, 95-1052 (La.App. 1 Cir. 12/15/95); 665 So.2d 774, writ denied, 96-166 (La.2/9/96); 667 So.2d 541. Consequently, in order to be maintained, the appeal in the above captioned matter must be viable in its own right, irrespective of the appeal in the consolidated suit.
As quoted above, the Mosings filed a Motion to Dismiss With Prejudice their suit against the only defendant named in this action, Surplus Lines Insurance Company. The pertinent portion of La.Code Civ.P. art. 1673 states, “A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” This motion was granted by an order signed by the trial court on May 7,1999. This order consummated the *441 action by the Mosings against Surplus in docket number 980069.
Appeals are limited by the provision La. Code Civ.P. art.2085, which reads:
|fiAn appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
The Mosings acquiesced in a judgment dismissing the action bearing docket number 980069. Therefore, we find that the Mosings cannot appeal any ruling rendered in that docket number pursuant to Article 2085. Accordingly, we hereby dismiss the appeal in this court’s docket number 01-266 at the Plaintiffs Appellants’ cost. We express no opinion as to the appeal in the companion case bearing this court’s docket number 01-265.

APPEAL DISMISSED.